UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE, KRAFT FOODS GROUP, INC., US FOODS, INC., JUDGE ROBERTO A. LANGE, IN HIS INDIVIDUAL CAPACITY; JUDGE POWER, IN HIS INDIVIDUAL CAPACITY; WOODS AND FULLER, P.C., MINNEHAHA COUNTY CLERK OF COURTS, CODY JANSEN, IN HIS INDIVIDUAL CAPACITY; TROOPER JORDAN ANDERSON, IN HIS INDIVIDUAL CAPACITY; KEVIN KROHN, IN HIS INDIVIDUAL CAPACITY; DANIEL HAGER, IN HIS INDIVIDUAL CAPACITY; MATT THELEN, IN HIS INDIVIDUAL CAPACITY; MARK HODGES, IN HIS INDIVIDUAL CAPACITY; FBI AGENTS, JOHN DOES 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-CCT<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND AN ORDER TO SHOW CAUSE** |

Pro se plaintiff, Courtney Richmond, instituted this civil suit against the above-named defendants, asserting multiple claims related to alleged theft of his barbeque sauce recipe and the obstruction of his efforts to seek justice for the same. *See generally* Docket 1. Although the allegations in his complaint are many, the motion at issue concerns Mr. Richmond's allegation that a federal

1

criminal case, *United States v. Richmond*, 4:24-CR-40139, was filed against him in retaliation for him filing the current civil lawsuit. *See* Dockets 1 and 29. He now moves for an emergency temporary restraining order and preliminary injunction, enjoining all proceedings in that criminal case, prohibiting the assigned judge and prosecutor and the Clerk of Court from taking further action against him in that criminal matter, and barring Defendants from initiating new criminal charges against him "related to this matter." Docket 29 at 5. He also requests an order to show cause why the criminal case at 4:24-CR-40139 should not be dismissed with prejudice.[1] *Id.*

While Mr. Richmond cites case law in his current motion, none of the cases stand for the proposition that this Court has the authority to interfere with or restrain an ongoing federal criminal prosecution. Moreover, even if this Court had the authority to grant the relief Mr. Richmond requests, he has not met his "burden of establishing the propriety of an injunction[.]" *See Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

---

[1] Mr. Richmond filed a similar emergency motion—to dismiss the indictment—in *United States v. Richmond*, 4:24-CR-40139, Docket 140, alleging the case "is a criminal conspiracy orchestrated by federal officials to retaliate against [him] for exercising his constitutional right to file a civil lawsuit."

Mr. Richmond does not identify or address any of these factors. *See* Docket 29. The Court acknowledges its duty to liberally construe Mr. Richmond's pro se filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but there must be arguments to liberally construe.

It is hereby

ORDERED that Plaintiff's emergency motion for a temporary restraining order and preliminary injunction and order to show case, Docket 29, is denied.

Dated December 29, 2025.

                              BY THE COURT:

                              /s/ *Camela C. Theeler*
                              CAMELA C. THEELER
                              UNITED STATES DISTRICT JUDGE