UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>    Plaintiff,<br><br>    vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>    Defendants. | 4:25-CV-04217-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, MOTION FOR TEMPORARY RESTRAINING ORDER, AND OTHER MISCELLANEOUS REQUESTS |

Plaintiff Courtney Richmond filed a pro se complaint and an amended complaint, in which he alleged a plethora of claims, including as relevant here allegations that a criminal indictment in United States v. Richmond, 4:24-CR-40139 (D.S.D.), was filed against him in retaliation for filing suit related to theft of his barbeque sauce recipe. Docs. 1, 4.

## I.    Plaintiff's Response to the Court's December 29, 2025 Order and Renewed Motion for Emergency Injunctive Relief (Doc. 55)

Richmond moved for a "temporary restraining order and dismissal of bad faith prosecution." Doc. 29 (capitalization and emphasis in original omitted). On December 29,

2025, United States District Court Judge Camela C. Theeler entered a well-reasoned order denying Richmond's motion for a temporary restraining order and a preliminary injunction. Doc. 33. The Court ultimately denied the motion because the cases Richmond cited did not show that it could interfere with an ongoing federal criminal prosecution and even if it could interfere, Richmond failed to meet the burden required for a preliminary injunction. Id. at 2–3. The order also noted that Richmond filed a similar motion in his criminal case. Id. at 2 n.1.

This case has since been reassigned to the undersigned. See Doc. 53. Richmond has now filed what he labeled "Plaintiff's Response to the Court's December 29, 2025 Order and Renewed Motion for Emergency Injunctive Relief." Doc. 55 (capitalization and emphasis in original omitted). He requests that the Court vacate its prior order, grant his motion for a temporary restraining order and preliminary injunction, and halt the proceedings in his criminal case. Id. at 5–6. This Court construes Richmond's pending motion as a motion for reconsideration of the order denying his motion for temporary restraining order and preliminary injunction.

"The Federal Rules of Civil Procedure do not address a 'motion for reconsideration.'" Colombe v. United States, 5:24-CV-05069-ECS, 2025 WL 3063285, at *3 (D.S.D. Nov. 3, 2025). But courts have considered motions for reconsideration under Federal Rules of Civil Procedure 54(b), 59(e), and 60(b). See Spinar v. S.D. Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986) (recognizing that motions for reconsideration "typically have been characterized as motions under Fed.R.Civ.P. 59 or 60"); Julianello v. K-V. Pharm. Co., 791 F.3d 915, 923 n.3 (8th Cir. 2015) (recognizing that motions for reconsideration can be brought under Rule 54).

In Julianello, the Eighth Circuit noted that because the district court "had not yet entered final judgment on any of plaintiffs' claims when the plaintiffs filed the motion for

reconsideration, Rule 54(b) is the appropriate rule under which to consider the motion."[1]  791

F.3d at 923 n.3.  "Rule 54(b) allows a district court to revise a decision that adjudicates, but does

not enter final judgment on, fewer than all claims in an action with multiple claims."  Id. (citing

Fed. R. Civ. P. 54(b)).  One court noted that

> "[t]he exact standard applicable to the granting of a motion under Rule 54(b) is not
> clear, though it is typically held to be less exacting than would be a motion under
> Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the
> standards enunciated in Federal Rule of Civil Procedure 60(b)."  Pursuant to a Rule
> 54(b) motion to reconsider, an order that does not dispose of the case may be
> amended "to correct any 'clearly' or 'manifestly' erroneous findings of facts or
> conclusions of law."

Hodges v. S.D. Sch. of Mines & Tech., 647 F. Supp. 3d 761, 770 (D.S.D. 2022) (quoting Allstate

Ins. Co. v. Weber, No. 1:05CV00039-WRW, 2007 WL 1427598, at *2 (E.D. Ark. May 11,

2007)); see also Colombe, 2025 WL 3063285, at *3 ("[T]he Court will grant a Rule 54(b) motion

to reconsider if the movant convinces the Court that it made a mistake of law or a clearly

erroneous finding of fact in its previous order.").  "A motion for reconsideration under Rule

54(b), however, 'is not a vehicle to identify facts or legal arguments that could have been, but

were not, raised at the time the relevant motion was pending.'"  Hodges, 647 F. Supp. 3d at 770

(quoting Julianello, 791 F.3d at 923).  Absent the above justifications, the Court is "inclined to

give deference to rulings by a former judge in the same case on the same record."  Van-S-

Aviation v. Piper Aircraft Corp., 101 F.R.D. 759, 762 (W.D. Mo. 1984).

     Here, Richmond claims that "[t]he Court's assertion [in its December 29, 2025 order] that

'Mr. Richmond does not identify or address any of the[] factors' required for injunctive relief is

---

[1] Even if this Court were to also consider Richmond's motion as a motion under Rule 59(e), it would fail because a
final judgment has not been entered.  See Fed. R. Civ. P. 59(e) (permitting a party to file "[a] motion to alter or
amend a judgment . . . no later than 28 days after the entry of the judgment").  Even if this Court also liberally
construed his motion to reconsider as a Rule 60(b)(1) motion for relief from an order based on "mistake,
inadvertence, surprise, or excusable neglect," it would be denied for the same reasons Richmond's Rule 54(b)
motion is denied.

factually incorrect." Doc. 55 at 1 (quoting Doc. 33). As noted in this Court's prior order, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Doc. 33 at 2 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)). This Court correctly noted that Richmond did "not identify or address any of these factors." Doc. 33 at 3. To the extent that he uses his motion for reconsideration to attempt to fix the deficiencies in his original motion for temporary restraining order by now arguing the required elements of a temporary restraining order or preliminary injunction, such action is not proper. Richmond's failure to show that he has met the required elements for preliminary injunctive relief provides sufficient justification for the Court's denial of his original motion for temporary restraining order and preliminary injunctive relief. Thus, this Court did not err as a matter of law or fact in denying his motion for temporary restraining order and preliminary injunctive relief.

Richmond also appears to argue that this Court erred by not applying a doctrine he cited. Doc. 55 at 4. This Court noted in its order denying Richmond's motion for preliminary injunctive relief that although Richmond cited case law, "none of the cases stand for the proposition that this Court has the authority to interfere with or restrain an ongoing federal criminal prosecution." Doc. 33 at 2. In his motion for reconsideration, Richmond appears to argue that this Court erred as a matter of law because "[t]he facts alleged by the Plaintiff [in his original motion] clearly invoke one of the most critical exceptions to federal court abstention" under Younger abstention, which he alleges "this Court chose to ignore." Doc. 55 at 4.

The Supreme Court in Younger v. Harris held that federal courts should not enjoin pending state prosecutions absent extraordinary circumstances, including bad faith or

4

harassment. 401 U.S. 37, 54 (1971). Bad faith or harassment in the <u>Younger</u> context "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction" or "criminal prosecutions are instituted for impermissible purposes." <u>Lewellen v. Raff</u>, 843 F.2d 1103, 1109, 1112 (8th Cir. 1988) (citations omitted). Both in his original motion and motion for reconsideration Richmond did not cite any binding or persuasive authority showing that <u>Younger</u> applies to federal criminal prosecution.[2] <u>See</u> Docs. 29, 55. This Court has conducted its own independent research on the issue and found that the D.C. Circuit Court of Appeals noted that <u>Younger</u> "does not necessarily control a petition for a federal civil injunction to restrain an ongoing *federal* criminal proceeding. Nevertheless, in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment." <u>Deaver v. Seymour</u>, 822 F.2d 66, 69 (D.C. Cir. 1987) (internal citation omitted). The D.C. Circuit Court of Appeals ultimately held that because Congress has established the Federal Rules of Criminal Procedure, which provide adequate opportunities for defendants to challenge prosecutorial shortcomings on appeal, the plaintiff/criminal defendant was not allowed to avoid the rules limiting appellate judicial review to a final judgment by bringing a civil case. <u>Id.</u> at 71. "Prospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure." <u>Id.</u>

Another court has noted that some federal courts "when asked to enjoin or dismiss enforcement of a federal criminal proceeding" have "chosen to abstain under the doctrine of <u>Younger</u>[.]" <u>Schlegel v. Holder</u>, No. 13–cv–3251, 2014 WL 12607718, at *2 (D. Minn. May 21, 2014), <u>aff'd</u>, 593 F. App'x 599 (8th Cir. 2015) (per curiam). "[F]ederal courts are bound by the

---

[2] This Court notes that the statement in its prior order that "[w]hile Mr. Richmond cites case law in his current motion, none of the cases stand for the proposition that this Court has the authority to interfere with or restrain an ongoing federal criminal prosecution" was not an error of fact or law. Doc. 33 at 2.

'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" Id. (quoting Ali v. United States, No. 12–CV–0816A(Sc), 2012 WL 4103867 (W.D.N.Y. Sept. 14, 2012)).

> If Plaintiff disagrees with the U.S. District Court['s] . . . rulings regarding his indictment, the constitutionality of the laws he is indicted under, or the level of assistance he received from counsel in his criminal proceeding, he may file a direct appeal after final judgment is entered in his criminal proceeding. Indeed, Plaintiff has not shown, nor argued, that he does not have an adequate remedy at law and will suffer irreparable injury if this court does not enjoin his criminal proceeding.

Id. at *3.

> Notably, the District of South Dakota has held that
>
> [a] claim seeking dismissal of federal criminal charges is not cognizable in a civil rights action. Falcon v. U.S. Bureau of Prisons, 52 F.3d. 137, 139 (7th Cir. 1995) (holding that a federal civil rights action under Bivens[3] is not the appropriate vehicle to seek dismissal of pending federal criminal charges). A motion to dismiss an indictment must be made in a federal criminal case.

Pond v. Poppen, 5:24-CV-05038-RAL, 2025 WL 1795864, at *5 (D.S.D. June 26, 2025). In Richmond's ongoing criminal case, he has filed several documents requesting the court dismiss the criminal proceeding against him. See, e.g., Richmond, 4:24-CR-40139-KES, Docs. 56, 83, 96, 100, 130, 140, 150, 151, 152, 155, 167. Several of his motions to dismiss have already been denied. See, e.g., id., Docs. 68, 84, 123. Thus, it appears that Richmond is merely attempting to use his civil case as a means to seek judicial review of his criminal case as opposed to the remedies provided in the Federal Rules of Criminal Procedure. The court in Richmond's criminal case already notified him that if he thought "the circumstances warrant immediate appellate review, he may seek mandamus relief in the court of appeals while this matter remains pending." Id., Doc. 143 at 9.

---

[3] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Even if this Court could intervene, Richmond has not sufficiently alleged an irreparable injury to warrant intervention. In his original motion, he claims that he "is suffering irreparable harm. This illegal prosecution is a direct assault on his liberty and his ability to pursue justice." Doc. 29 at 5. But

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (internal citation and quotation marks omitted). Such injury is insufficient for irreparable harm. For the first time in his response to this Court's order denying his temporary restraining order, he argues that will suffer irreparable harm if the prosecution continues because he suffers financial ruin due to loss of his peddler's license, he has not been permitted to travel to care for his ailing father, and his constitutional rights are being violated. Doc. 55 at 3. But a motion for reconsideration is not a proper form to introduce new arguments. Hodges, 647 F. Supp. 3d at 770 (citing Julianello, 791 F.3d at 923).

This Court has reviewed the entirety of the record related to the motion for preliminary injunctive relief in Richmond's currently pending civil case and finds that the preliminary injunctive relief intervening into and enjoining his criminal case is not warranted. Thus, this Court need not decide whether it can intervene in a federal criminal proceeding because even if it could, Richmond is not entitled to the relief requested. Accordingly, Richmond's motion for reconsideration, Doc. 55, is denied. If Richmond believes that immediate intervention is required in his criminal case, he must seek such relief from the Eighth Circuit.

7

**II.    Defendant's Final Emergency Motion for a Temporary Restraining Order to Halt the Ongoing Conspiracy of Retaliation and Obstruction by Judge Duffy, Judge Schreier, Prosecutor Hodges, and Clerk Matthew Thelen (Doc. 62)**

While his motion for reconsideration was pending, Richmond filed another motion seeking a temporary restraining order to halt his ongoing criminal case. Doc. 62. He argues that the criminal case should be dismissed because it is "not a legitimate prosecution" and instead "is a campaign of witness intimidation . . . and retaliation against" him. Id. at 2 (emphasis omitted). When a request for preliminary injunctive relief has been made, courts look at (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). In Richmond's "final emergency motion for temporary restraining order," he fails to address any of these factors and has not shown that he is entitled to any relief. Doc. 62 (capitalization and emphasis in original omitted). Further, as the Court noted, if Richmond seeks relief regarding intervention in his criminal case, he must seek such relief from the Eighth Circuit in a writ of mandamus. Accordingly, Richmond's "final emergency motion for a temporary restraining order," Doc. 62, is denied.

**III.    Notice of Witness Intimidation and Obstruction of Justice by Defendants (Doc. 63)**

Richmond also filed a "Notice of Witness Intimidation and Obstruction of Justice by Defendants." Doc. 63 (emphasis and capitalization in original omitted). He requests this Court take judicial notice of the related criminal proceedings and evidence of retaliation, issue a protective order, expedite the civil proceedings, and report misconduct to outside authority. Id.

He did not style this filing as a motion, <u>see generally id.</u>, but courts must liberally construe pro se filings, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation omitted).

To the extent that Richmond seeks judicial notice, his request is denied. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Richmond's motion asks this Court to take judicial notice of conclusory facts that he argues to seek dismissal of his criminal indictment. The District of South Dakota has declined to take judicial notice when the plaintiff "is requesting this Court take judicial notice of his arguments challenging the validity of an indictment in a pending criminal case" because "[i]n essence, [plaintiff] is requesting that the Court review, in the context of a § 1983 action, the rulings of the assigned District Court Judge and Magistrate Judge in a pending criminal case." <u>Pond v. Poppen</u>, 5:24-CV-05038-RAL, 2024 WL 3342506, at *2 (D.S.D. July 9, 2024). Thus, Richmond's request for judicial notice, Doc. 63, is denied.

Richmond also asks this Court to "[i]ssue a protective order to prevent the defendants from engaging in any further acts of harassment, intimidation, or retaliation against [him]." <u>Id.</u> at 3. This Court liberally construes Richmond's request as a motion for a temporary restraining order. But his request for a temporary restraining order is denied because he fails to address any of the factors and has not shown that he is entitled to relief. Thus, Richmond's request for a protective order, Doc. 63, is denied.

Richmond asks that this Court "[g]rant an expedited schedule for this civil case to prevent the defendants from further delaying justice and benefiting from their own misconduct." <u>Id.</u> at 3. This Court views Richmond's filing as a request to enter a scheduling order. But currently

pending in this case are several motions to dismiss.  Docs. 10, 14, 17, 42, 58, 60.  Several

Defendants have not yet answered or otherwise responded.  Nor has a Rule 26(f) conference

occurred.  Thus, a scheduling order would be premature at this time.

He also asks that this Court report the alleged misconduct of the prosecutor and judges

presiding over his criminal case to an outside independent authority, specifically the Department

of Justice in Brooklyn Center, Minnesota.  Doc. 63 at 3.  But whether conduct by a judge or

prosecutor requires reporting to the proper authority is based on the rules of professional conduct

and canons of judicial conduct.  Thus, it is not for Richmond to determine whether this Court has

an obligation to report a judge or prosecutor.  Richmond does not clarify in his filing whether he

has filed his own judicial or prosecutorial misconduct report with the proper agencies.  Id.

IV.    **Conclusion**

Accordingly, it is

ORDERED that Richmond's motion for reconsideration, Doc. 55, is denied.  It is further

ORDERED that Richmond's motion for temporary restraining order, Doc. 62, is denied.

It is finally

ORDERED that Richmond's requests in his Notice of Witness Intimidation and

Obstruction of Justice by Defendants, Doc. 63, are denied.

DATED this 21 st day of January, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

10