UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

On November 7, 2025, Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act (RICO), related to a conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Doc. 1. On November 13, 2025, Richmond filed an amended complaint, realleging his claims and adding United States Magistrate Judge for the District of South Dakota Veronica L. Duffy as a defendant. Doc. 4. Richmond now moves for leave to file a second amended complaint. Doc. 21.

"A party may amend its pleading once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Richmond has already amended his complaint as a matter of course, Doc. 4, he can only amend with the opposing parties' consent or court leave. Richmond does not show that he received consent from the opposing parties.

Courts can deny a motion for leave to amend if there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Liscomb v. Boyce, 954 F.3d 1151, 1156 (8th Cir. 2020). An amendment is futile when "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." Cornelia I. Crowell GST Tr. v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008).

Richmond seeks leave to amend to add as a defendant United States District Judge for the District of South Dakota Karen E. Schreier, in her individual and official capacity. Doc. 21. Judge Schreier is currently presiding over a criminal case brought by the Government against Richmond. United States v. Richmond, 4:24-CR-40139-KES (D.S.D.). Richmond alleges that "Judge Schreier is a member of the RICO enterprise who has used her judicial position to further the conspiracy and obstruct justice." Id. at 2. Richmond claims that Judge Schreier recused herself from his prior civil case pursuant to 28 U.S.C. § 455(a), which according to Richmond signifies that Judge Schreier "had a conflict of interest that prevented her from being impartial in matters related to [his] claims." Id. Judge Schreier did not recuse herself from Richmond's subsequent criminal case, which he alleges was initiated in retaliation for filing his civil cases.

Id. Richmond alleges that by not recusing herself from his criminal case, Judge Schreier has engaged in a conspiracy that involved a pattern of racketeering activity, obstruction of justice, and civil rights violations. Id. Richmond requests compensatory damages not less than $1.26 billion, treble damages under RICO, punitive damages, and injunctive relief. Id. at 3.

Richmond does not specify in his amended filing what claims he seeks to bring against Judge Schreier. See generally id. He instead notes that his filing "[c]ontinue[s] with original complaint's [sic] causes of action, adding Judge Schreier to each relevant count[.]" Id. at 2. Although courts must liberally construe pro se complaints, see Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it is not clear from Richmond's pleadings what are the "relevant count[s]" to add Judge Schreier as a defendant. Doc. 21 at 2. But this Court thinks that the most correct interpretation is to read Richmond's motion to amend to allege against Judge Schreier a RICO claim (as alleged in the amended complaint under 18 U.S.C. § 1964(c)) and conspiracy claims (as alleged in the amended complaint under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. §§ 1983, 1985, and 1986). See id.; Doc. 4 at 23–25.

This Court begins with Richmond's claims under 18 U.S.C. §§ 241 and 242. Sections 241 and 242 are federal criminal statutes. Section 241 criminalizes a conspiracy to violate civil rights. Section 242 criminalizes deprivation of rights under color of law. But the Eighth Circuit has indicated that such criminal statutes do not provide a private right of action. United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges. See, e.g., Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ('Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . These statutes do not give rise to a civil action for damages.')"); see also Thornsberry v. Barden, 854 F. App'x 105, 106 (8th

Cir. 2021) (per curiam) ("there is no private cause of action under § 241" (citing Wadena, 152 F.3d at 846)). Accordingly, Richmond's request for leave to amend to add §§ 241 and 242 claims against Judge Schreier in her individual and official capacity is futile.

Next, this Court finds that granting leave to amend to sue Judge Schreier in her individual capacity is futile because his claims are barred by judicial immunity. "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (footnote omitted) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). Judicial immunity is absolute and prevents suit against a judge in his or her individual capacity "in all but two narrow circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (quoting Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam)).

Here, Richmond claims that Judge Schreier violated his constitutional rights by presiding over his pending criminal case and ruling on his motions—acts that are clearly judicial in nature. Doc. 21 at 2. Richmond likewise has not shown that the court clearly lacked jurisdiction. Id. The indictment in his criminal case states that the grand jury charged Richmond for criminal conduct occurring in the District of South Dakota. Richmond, 4:24-CR-40139-KES Doc. 1. Although Richmond believes his criminal prosecution to be illegal retaliatory action, Richmond has not shown that the court lacks jurisdiction. Doc. 21 at 2.

The Eighth Circuit has recognized that absolute immunity applies to claims arising under RICO and §§ 1983, 1985, and 1986. See Parette v. Virden, 173 F. App'x 534, 536 (8th Cir. 2006) (per curiam) (recognizing that absolute immunity applies to RICO actions); Schottel, 687 F.3d at 373 (recognizing that judicial immunity applies to § 1983 actions); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (recognizing that absolute immunity applies to claims under §§ 1985 and 1986). Thus, Richmond's individual capacity claims against Judge Schreier are barred by judicial immunity, and it would be futile to permit Richmond to amend to add individual capacity claims against Judge Schreier.

This Court next finds that granting leave to amend to sue Judge Schreier in her official capacity is also futile. "A suit against a government officer in his [or her] official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010); see also Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998). Accordingly, a suit against Judge Schreier in her official capacity is equivalent to a claim against the United States.

Absent express waiver, claims against the United States and its agencies are barred by sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citation omitted). Richmond does not cite any authority providing waiver of sovereign immunity, and this Court—even liberally construing his filing—does not find any waiver relevant to Richmond's claims.

Although Richmond does not cite any waiver, this Court notes that the Administrative Procedures Act (APA) permits judicial review in an action "seeking relief other than money damages" when a person "suffer[s] legal wrong because of agency action[.]" 5 U.S.C. § 702. But "agency" as defined under the APA expressly excludes "the courts of the United States[.]" 5 U.S.C. § 701(b)(1)(B). Richmond does not identify any authority where the United States has

5

waived sovereign immunity when members of the court are sued in their official capacity, and this Court is not aware of any relevant authority.[1]

Further, even if Richmond's claims against Judge Schreier are not futile, Richmond has not complied with this Court's local rules when seeking leave to amend. Under Local Rule 15.1, "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, even if Richmond had alleged claims against Judge Schreier that were not futile, he is not permitted to proceed with piecemeal complaints. All of his claims must be included in one complaint.

Accordingly, it is ORDERED that Richmond's motion for leave to amend, Doc. 21, is denied.

DATED this 11th day of February, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[1] This Court notes that Richmond was instructed to seek a writ of mandamus from the Eighth Circuit if he determined that intervention in his criminal case was necessary to preserve his constitutional rights. Doc. 73 at 6. Richmond filed an emergency petition for writ of mandamus with the Eighth Circuit, but the Eighth Circuit denied his petition. See In re: Courtney Richmond, No. 26-1121 (8th Cir.).