UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND NOTICE OF RULE 4(M) |

On November 7, 2025, Courtney Richmond filed a pro se lawsuit alleging several claims related to a conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Docs. 1, 4. On December 12, 2025, he moved for entry of default judgment "against any and all Defendants who have failed, or will fail, to timely file a proper answer to the Plaintiff's Complaint in this matter, pursuant to Rule 55 of the Federal Rules of Civil Procedure." Doc. 24 at 1 (citation modified). On January 5, 2026, Richmond filed a second motion for default judgment specifically seeking default judgment against Defendants Judge

Power; Minnehaha County;[1] Trooper Cody Jansen; Trooper Jordan Anderson; Nolan Wiese; Kraft Food Group, Inc.; US Foods, Inc.; Judge Roberto Lange; Kevin Krohn; Daniel Hager; Matt Thelen; Mark Hodges; FBI Agents John Does 1-2; and Magistrate Judge Veronica L. Duffy. Doc. 44. Several Defendants have filed oppositions to Richmond's motions for default. See, e.g., Docs. 38, 48, 52, 69, 72, 94.

## I.   Motions for Default

Richmond moves for default judgment. Docs. 24, 44. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." If default is entered, the clerk in some situations must enter a default judgment, otherwise the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). But Richmond has not shown that he is entitled to entry of default or default judgment in this case.

First, Richmond has not shown by affidavit or otherwise that all Defendants have failed to plead or otherwise defend. See Doc. 52 at 3 (Kraft noting the affidavit requirement). Richmond has not provided proper proof of service for any Defendant. Richmond has filed UPS proof of delivery forms and UPS shipment receipts showing that he attempted to serve Defendants via certified mail. Docs. 7, 8, 22. But he has previously been informed that certified mail is not a recognized method of service for an individual under the Federal Rules of Civil Procedure and certified mail without including the required documents and receiving a signed admission of service is insufficient for service of an individual under South Dakota law. Richmond v. Anderson, No. 4:24-CV-04067-ECS, 2025 WL 815721, at *3–4 (D.S.D. Mar. 14,

---

[1] This Court notes that Minnehaha County Clerk of Courts was named as a defendant, not Minnehaha County. Doc. 4 at 1, 8, 14.

2025). Richmond has not filed any information showing the proper documents were included in the certified mailing or that he received admission of service by any individuals. Richmond has also not filed any documents showing service was made on any state or the United States in relation to his claims against state and federal employees. Fed. R. Civ. P. 4(i)(3); SDCL § 15-6-4(d)(6).

A corporate entity may be served in the United States in any manner prescribed for service of an individual or by delivering a copy of the summons and complaint to an officer, managing agent, or other agent authorized by appointment or law. Fed. R. Civ. P. 4(h). Richmond has not filed any admission of service, nor has he filed proof that delivery was personally made, not mailed, to the corporate entities. See Bell v. Vilack, NO: 4:15CV00335 SWW, 2015 WL 6758151, at *2 (E.D. Ark. Nov. 5, 2015) (citing Larsen v. Mayo Med. Ctr., 218 F.3d 893, 868 (8th Cir. 2000)). Richmond has not cited any law or filed any document showing that the corporate entities were properly served under state law. See SDCL § 15-6-4(d)(1); Ill. Comp. Stat. 5/2-204.

"Entry of default judgment under Federal Rule of Civil Procedure 55 is properly denied when the record fails to show that a defendant was properly served." Smith v. Gnassingbe, Civil No. 07-4167 ADM/JJK, 2009 WL 3300037, at *5 (D. Minn. Oct. 13, 2009). Because Richmond has not included information in the record sufficient to show that any Defendant was properly served, he is not entitled to a default judgment against any Defendant. Thus, Richmond's Motions for Default Judgment, Docs. 24 and 44, are denied.

## II.    Notice of Rule 4(m)

This Court has determined that Defendants were not subject to default because Richmond did not properly serve them. Richmond has not filed proper proofs of service for, and notices of

3

appearance have not been filed for Defendants US Foods, Inc.; Judge Power; Minnehaha County Clerk of Courts; Cody Jansen; Trooper Jordan Anderson; Kevin Krohn; and Daniel Hager.

Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Richmond is on notice of this Court's intention to dismiss his Amended Complaint without prejudice if he does not provide proof of proper service upon Defendants US Foods, Inc.; Judge Power; Minnehaha County Clerk of Courts; Cody Jansen; Trooper Jordan Anderson; Kevin Krohn; and Daniel Hager by **June 12, 2026**. If Richmond fails to serve Defendants US Foods, Inc.; Judge Power; Minnehaha County Clerk of Courts; Cody Jansen; Trooper Jordan Anderson; Kevin Krohn; and Daniel Hager by June 12, 2026, his claims against these Defendants will be dismissed without prejudice pursuant to Rule 4(m), unless he can show good cause for his failure to serve these Defendants.

## III.    Conclusion

Accordingly, it is

ORDERED that Richmond's Motions for Default Judgment, Docs. 24 and 44, are denied. It is further

ORDERED that Richmond will make proper service of the summons and Amended Complaint upon Defendants US Foods, Inc.; Judge Power; Minnehaha County Clerk of Courts; Cody Jansen; Trooper Jordan Anderson; Kevin Krohn; and Daniel Hager and return a certificate of service by **June 12, 2026**, or his claims against these Defendants will be dismissed without

prejudice pursuant to Rule 4(m), unless he can show good cause for his failure to serve these Defendants.

DATED this 2th day of May, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE