UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>OPINION AND ORDER GRANTING DEFENDANT NOLAN WIESE'S MOTION TO DISMISS |

Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act, related to conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Docs. 1, 4. In Richmond's Amended Complaint, he sues Nolan Wiese for alleged involvement in the conspiracy. Doc. 4. Wiese moves to dismiss Richmond's claims against him for lack of subject matter jurisdiction and res judicata. Docs. 10, 11, 14.

## I.      Factual Background as Alleged by Richmond as to Claims Against Wiese

Richmond's now-deceased mother created a barbecue sauce recipe.  Doc. 4 at 15. Richmond alleges that he inherited the recipe and all intellectual property rights associated with it.  Id. at 10.  In 2016, Woods Fuller[1] drafted a non-disclosure agreement (NDA) between Wiese and Richmond, which the parties entered into.  Id. at 12, 15.  In 2016, Wiese texted Richmond requesting the recipe, informing Richmond that pricing was done, and asking how to make the sauce.  Id. at 15–16.  Pursuant to the protection of the NDA, Richmond provided Wiese with the recipe.  Id.

At some point in 2017, Richmond obtained a copyright registration for the label on his barbecue sauce.  Id. at 15.  Richmond has also obtained a one-year provisional patent for his barbecue sauce.  Id. at 16.  Despite the NDA and Richmond's other protections, Wiese allegedly shared the recipe with US Foods.  Id. at 9, 10, 15, 16.  Richmond alleges Wiese "violated the NDA and contracted with US Foods in late 2017 to provide them with Plaintiff's stolen recipe for substantial compensation.  US Foods then engaged Kraft Foods to manufacture products using the stolen recipe."  Id. at 15; see also id. at 9, 10, 16.  Richmond alleges that this action was done as part of a "massive criminal conspiracy" involving state and federal courts, law enforcement, and major corporations.  Id. at 9.

When Richmond filed suit in state court related to the alleged theft of his recipe, Judge James Power, who was previously an attorney at Woods Fuller, presided over Richmond's case. Id. at 18.  "Judge Power dismissed Plaintiff's case, protecting Nolan Weise [sic], Kraft Foods, and US Foods."  Id.  But Richmond alleges that he "has a recording of Nolan Weise's [sic]

---

[1] Richmond refers to the law firm as Woods and Fuller, but this Court will refer to the Defendant by its correct name Woods Fuller.  Woods Fuller, https://www.woodsfuller.com/ [https://perma.cc/T6M6-XGNJ] (last visited June 15, 2026).

attorney admitting that the two recipes are identical." Id. at 15. Richmond claims that the recording was on his phone that was seized by federal agents when he was arrested in 2023, which he claims was part of the conspiracy. Id. at 19.

Richmond specifically sues Wiese under 18 U.S.C. §§ 1831–1839, 17 U.S.C. § 501, and 35 U.S.C. § 271, as well as alleging state-law claims for larceny/theft, breach of contract, and fraud and deceit. Id. at 25–28. Richmond alleges claims against Defendants generally under 18 U.S.C. § 1964(c), 18 U.S.C. § 241, 42 U.S.C. § 1985, 18 U.S.C. § 1343, and 18 U.S.C. § 1341, as well as a state-law claim for conversion. Id. at 23–32.

## II.    Wiese's Motion to Dismiss

Wiese moves to dismiss based on lack of subject matter jurisdiction and res judicata. Docs. 11, 14. Because "[f]ederal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994), this Court first considers whether it has subject matter jurisdiction over Richmond's claims against Wiese.

### A.    Subject Matter Jurisdiction

Original jurisdiction can arise under federal question or diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331–1332. Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1332, federal courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); see also OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The party alleging subject matter jurisdiction has the burden of proof. V S Ltd. P'ship v. HUD, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). Richmond has not pleaded or proven diversity jurisdiction. See generally Doc. 4.

3

Wiese argues that "[a]t their heart, Plaintiff's claims against Wiese revolve around a breach of contract action." Doc. 11 at 5. He continues that Plaintiff's statement that "'Nolan Wiese breached the NDA by using and disclosing Plaintiff's recipe without authorization' . . . shows that this case does not involve any federal question as to the claims against Wiese." Id. at 5–6 (quoting Doc. 1 at 24).

"Under 28 U.S.C. § 1331, a federal district court has 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 672 (8th Cir. 1986) (quoting 28 U.S.C. § 1331). "A non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction." Id. (citing Nw. S.D. Prod. Credit Ass'n v. Smith, 784 F.2d 323, 325 (8th Cir. 1986)). The Eighth Circuit has recognized:

> A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Because this is a facial rather than a factual challenge to jurisdiction, we determine whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the plaintiff.

Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005) (citation modified). In Biscanin, the Eighth Circuit held that a claim was patently meritless when it was "obviously doomed to fail" because circuit precedent forecloses the argument. Id. at 908. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)). A claim may be "clearly meritless" but "probably not so patently frivolous as to fail to confer jurisdiction upon the district court," in which case

4

"the district court should, technically, [ ] dismiss[] these claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Boock v. Shalala, 48 F.3d 348, 353 (8th Cir. 1995).

Wiese asks that the Court find that there was no basis for federal question jurisdiction based on Richmond's claims solely being state-law breach of contract issues as "was the basis for the Eighth Circuit's previous affirmance of the dismissal of Plaintiff's prior appeals." Doc. 11 at 6 (citing Docs. 12-20, 12-24). In one of Richmond's prior appeals to the Eighth Circuit, the Eighth Circuit concluded that "the district court lacked jurisdiction over th[e] action because there was no diversity of citizenship among the parties, and the plaintiff's purported federal claims were patently meritless." Doc. 12-20 at 1. In that case, Richmond generally alleged claims under the South Dakota Unified Trade Secret Act, "US 18 provided to all citizens by President Obama," copyright infringement, and the Fourteenth Amendment. Doc. 12-18 at 4–5. In his current case, Richmond has alleged significantly more federal claims and more closely linked his allegations to federal causes of action. See generally Doc. 4. But even so, most of Richmond's federal claims are patently meritless.

Richmond alleges a claim for copyright infringement under 17 U.S.C. § 501, but Richmond only identifies that he has copyright protection over the label to his barbeque sauce. Doc. 4 at 15, 26. Richmond has made no allegations showing that Wiese engaged in copyright infringement of the sauce label. See generally id. Instead, Richmond seems to be alleging that because he had copyright protection for the design of his label, he by extension had copyright protection for his recipe. Id. Thus, Richmond's copyright infringement claim is patently meritless.

Richmond alleges a claim for patent infringement under 35 U.S.C. § 271. Doc. 4 at 16, 26. But Richmond only alleges that he had a provisional patent. Id. A provisional patent is

merely an application for patent that allows filing without a formal patent claim, but such applications serve as placeholders and are not examined for patentability. BlueRadios, Inc. v. Hamilton, Brook, Smith & Reynolds, P.C., 166 F.4th 197, 217 n.24 (1st Cir. 2026); United States v. Camick, 796 F.3d 1206, 1218 (10th Cir. 2015); Martin v. United States, 99 Fed. Cl. 627, 632–33 (Fed. Cl. 2011). Because Richmond did not obtain a valid patent and did not have patent protection for his sauce recipe, Richmond's patent infringement claim is patently meritless.

Richmond also alleges several claims against Wiese arising under federal criminal law. See generally Doc. 4. Richmond's 18 U.S.C. § 241 claim against Wiese is patently meritless because § 241 does not provide a private cause of action. United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998). Richmond's claims against Wiese for wire fraud under 18 U.S.C. § 1343 and mail fraud under 18 U.S.C. § 1341 are also patently meritless because §§ 1343 and 1341 do not provide private causes of action. Wisdom v. First Midwest Bank, 167 F.3d 402, 407–09 (8th Cir. 1999).

Richmond also alleges a claim under 42 U.S.C. § 1985 without specifying what section he is referring to. See generally Doc. 4. A claim under § 1985(1) is patently frivolous because he has not alleged a conspiracy to prevent him from holding office. A claim under the first phrase of § 1985(2) is also patently frivolous. "The first phrase of § 1985(2) prohibits conspiracy to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein." Gunn v. Stearns, No. 4:25-CV-04034-ECS, 2025 WL 2416132, at *9 (D.S.D. Aug. 21, 2025) (citation modified). Although Richmond alleges witness tampering, Doc. 4 at 22–23, there is no indication that Richmond was a witness or had any federal criminal charges pending against him

at the time of Wiese's alleged misappropriation of his trade secret, and there is no indication that Wiese made any agreement or had a meeting of the minds to join a conspiracy to prevent Richmond from attending or testifying. See generally id. To the extent that Richmond's Amended Complaint could be read to allege a claim under the second phrase of § 1985(2) or under § 1985(3), such claim would be patently meritless. To assert a claim under the second phrase of § 1985(2) or under § 1985(3) "the plaintiff must allege that the conspiracy was fueled by 'class-based, invidiously discriminatory animus,'" Gunn, 2025 WL 2416132, at *10 (quoting Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996)), and Richmond has made no such allegation of discrimination.

Richmond alleges a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). Doc. 4 at 23. "To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation. Then a RICO plaintiff must prove the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Asa-Brandt, Inc. v. ADM Inv. Servs., 344 F.3d 738, 752 (8th Cir. 2003) (citation modified); see also Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353–58 (8th Cir. 2011) (recognizing that plaintiff must show conduct of an enterprise through a pattern of racketeering activity at the motion to dismiss stage). "Three elements must be proven to show that a RICO enterprise existed: (1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering." Crest Constr. II, Inc., 660 F.3d at 354 (quoting United States v. Lee, 374 F.3d 637, 647 (8th Cir. 2004)). It is not expressly clear if Richmond is only alleging a RICO violation claim or a RICO conspiracy claim. See generally Doc. 4. To establish a RICO conspiracy claim, the plaintiff must allege (1) the existence of an

7

enterprise, (2) the enterprise affected interstate or foreign commerce, (3) the defendant associated with the enterprise, and (4) the defendant objectively manifested an agreement to participate in the affairs of the enterprise. Aguilar v. PNC Bank, 853 F.3d 390, 402 (8th Cir. 2017) (citing United States v. Darden, 70 F.3d 1507, 1518 (8th Cir. 1995)).

Richmond's allegations of an enterprise or conspiracy—whether arising under RICO or § 1985—are absurd. Richmond claims that this conspiracy involving state and federal judges started with Wiese stealing his barbecue sauce. Doc. 4 at 9, 10, 15, 16. For this Court to find Richmond's claims plausible, it would have to assume implausible facts: that in 2016, Woods Fuller drafted the NDA knowing that Wiese would steal the recipe, and in preparation for future litigation had an attorney from the firm become a state court judge appointed by the governor. At the point of litigation, Woods Fuller refused to represent Richmond in enforcing the NDA against Wiese and two major food corporations because Woods Fuller gained an interest on behalf of those defendants or itself, and a conspiracy was formed between Wiese, these corporate defendants, the law firm, federal and state court judges, the FBI, federal prosecutors, and state police officers—all to steal Richmond's mother's barbecue sauce recipe and to criminally prosecute Richmond to cover up the alleged theft. See generally id. Richmond's Amended Complaint asks this Court to make illogical leaps to arrive at that conclusion. His allegations of conspiracy or common enterprise are too implausible and devoid of merit to confer jurisdiction over these claims.

8

Richmond's only other federal claim[2] is under the Defend Trade Secrets Act.[3] Doc. 4 at 25–26. Under 18 U.S.C. § 1836, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). A trade secret "means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes" so long as the owner of the trade secret has taken reasonable measures to keep the information secret and the information has independent economic value from not being generally known to another who can obtain economic value from the use or disclosure of that information. 18 U.S.C. § 1839(3). Richmond's sauce recipe is analogous to a business formula, and he has clearly alleged that there is value from his recipe. Doc. 4. Misappropriation includes "disclosure or use of a trade secret of another without express or implied consent by a person who . . . at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was . . . acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret." 18 U.S.C. § 1839(5)(B)(ii)(II). Accordingly, this Court cannot say that Richmond's Defend Trade Secrets Act claim is patently meritless. Thus, this Court continues with analyzing res judicata.

---

[2] Richmond has also alleged state-law claims, but he has not alleged diversity of citizenship. See generally Doc. 4. See also Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). Thus, this Court does not have original jurisdiction over Richmond's state-law claims.

[3] Richmond references the Economic Espionage Act, but this Court construes Richmond's claim as arising under the Defend Trade Secrets Act, which amended the Economic Espionage Act and provides a private cause of action. 18 U.S.C. § 1836.

9

## B.    Res Judicata

Wiese argues that res judicata precludes litigation because "Plaintiff has once again alleged the same barbeque sauce conspiracy claims he has been bringing since 2017" and "[t]here have already been two federal court actions and two state court actions that have issued final judgments dismissing Plaintiffs' [sic] cases with prejudice." Doc. 11 at 6 (citing Docs. 12-11, 12-12, 12-16, 12-19, 12-21, 12-23).  Wiese referenced four cases, but he included exhibits from all six prior lawsuits.[4]  See Docs. 11-1 through 11-25.  This Court reads Wiese's brief as alleging that res judicata applies based on the state court judgments in 49 CIV 20-000651 and 49 CIV 21-000349 and federal court judgments in 4:21-CV-4073-LLP and 4:23-CV-4168-RAL. Doc. 11 at 4, 6.  "The law of the forum that rendered the first judgment controls the res judicata analysis." St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008).  Because Wiese alleges that decisions out of South Dakota state court and federal court provide preclusive effect, Doc. 11 at 6, the Court addresses both state and federal law for res judicata.

### 1.    Preclusive Effect of Federal Court Judgments

The Eighth Circuit requires the following elements for res judicata: "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment

---

[4] "When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" Whitfield v. Denny's Corp., No. 4:25-CV-04116-ECS, 2026 WL 1361492, at *3 (D.S.D. May 15, 2026) (quoting Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013)).  Based on Richmond's allegation of conspiracy in his other cases, orders from the prior cases are likely embraced by the Amended Complaint.  To the extent any of these prior pleadings and orders are not embraced by the pleadings, this Court takes judicial notice of relevant publicly accessible filings in his prior cases. See Hood v. United States, 152 F.2d 431 (8th Cir. 1946); In re Phillips, 593 F.2d 356 (8th Cir. 1979).  Accordingly, this Court considers the exhibits that are relevant to Richmond's prior litigation without transforming the motion to dismiss into a motion for summary judgment.

10

on the merits, and (3) both cases involved the same cause of action and the same parties." Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002) (citations omitted).

Both of Richmond's prior federal complaints (4:21-CV-4073-LLP and 4:23-CV-04168-RAL) were dismissed against Wiese for lack of subject matter jurisdiction. Doc. 12-21; Doc. 12-23 at 10. "Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction." Sandy Lake Band of Mississippi Chippewa v. United States, 714 F.3d 1098, 1103 (8th Cir. 2013). The Eighth Circuit has recognized that "the complaint's dismissal without prejudice for lack of subject matter jurisdiction would preclude plaintiff from bringing another claim on the same jurisdictional basis, but [does] not preclude 'the same claim under a different theory and jurisdictional basis.'" Id. (citing Kulinski v. Medtronic Bio-Medicus, Inc., 112 F.3d 368, 373 (8th Cir. 1997)).

In Richmond's federal case 4:21-CV-4073-LLP, the only federal claims that Richmond raised were under "18 US provided by [P]resident [O]bama," "copyright infringement on intellectual property," and "14 Amendment [c]onstitutional right." Doc. 12-18 at 1, 4–5. The court "lacked jurisdiction over this action because there was no diversity of citizenship among the parties, and the plaintiff's purported federal claims were patently meritless." Doc. 12-20 at 1. The court already determined that it lacked subject matter jurisdiction over Richmond's copyright claim as patently meritless. Regardless of whether this Court finds that it lacks subject matter jurisdiction over Richmond's copyright claim under res judicata or because his more developed copyright claim in his current lawsuit is still patently meritless, the end result is the same: Richmond's copyright claim against Wiese is dismissed because this Court lacks subject matter jurisdiction over it because the claim is patently meritless.

11

In Richmond's federal case 4:23-CV-04168-RAL, Richmond as against Wiese attempted to raise copyright claims, alleged due process claims, and sought criminal prosecution under the Economic Espionage Act among other criminal statutes. 4:23-CV-04168-RAL, Docs. 1, 15. The court determined that it did not have jurisdiction because Wiese was not subject to suit under any of those statutes because due process claims can only be alleged against government actors and private parties cannot initiate criminal prosecution. Doc. 12-23 at 5–6. Because Richmond does not allege a due process claim against Wiese in his current case, this denial of subject matter jurisdiction does not bar any of the claims before this Court. Richmond's current Amended Complaint does cite to criminal statutes, but he does not specifically request to hold Wiese criminally liable under those statutes. See generally Doc. 4. To the extent that Richmond seeks to assert such claims arising under criminal law for which there is not a private cause of action, the result is the same whether this Court finds that it lacks subject matter jurisdiction over such claim under res judicata or because his more developed claims in his current lawsuit are still patently meritless. This Court lacks jurisdiction over claims arising under criminal law for which there is not a private cause of action, and such claims are dismissed.

### 2.    Preclusive Effect of State Court Judgments

The South Dakota Supreme Court "has held that four elements must be satisfied in order to apply res judicata: (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication." Dakota, Minn. & E. R.R. Corp. v. Acuity, 720 N.W.2d 655, 661 (S.D. 2006) (citing In re Guardianship of Janke, 500 N.W.2d 207, 209 (S.D. 1993)).

12

### a.    Prior Adjudication Identical to Present Issue

As it pertains to claim preclusion, exact issue identity is not required between the prior and current action. Healy Ranch, Inc. v. Healy, 978 N.W.2d 786, 799 (S.D. 2022); Farmer v. S.D. Dep't of Revenue & Regul., 781 N.W.2d 655, 660 (S.D. 2010) (A court's "review is not restricted to whether the specific question posed by the parties in both actions was the same or whether the legal question posed by the nature of the suit was the same.").

> For purposes of claim preclusion, a cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce. The test is a query into whether the wrong sought to be redressed is the same in both actions. If the claims arose out of a single act or dispute and one claim has been brought to a final judgment, then all other claims arising out of that same act or dispute are barred.

Healy Ranch, Inc., 978 N.W.2d at 799 (citation modified).

In 49 CIV 20-000651, Richmond's complaint alleged violations of the NDA agreement against Wiese and his company. Doc. 12-9 at 1–2; Doc. 12-10. The state court granted the defendants' motion for summary judgment because Richmond failed "to establish that there is a genuine issue of material fact for a jury to resolve as to Plaintiffs' allegation that Defendants breached the January 13, 2016 non-disclosure agreement by unlawfully using or disclosing Plaintiffs' barbeque sauce recipe." Doc. 12-11 at 1. Richmond failed to present record evidence of breach of the NDA, and defendants provided evidence that the defendants' barbecue sauce was made in 2015, prior to the disclosure of Richmond's recipe. Id.

In 49 CIV 21-000349, Richmond alleged as against Wiese violations of South Dakota Uniform Trade Secrets Act for misappropriation of the trade secret of his barbecue sauce recipe. Doc. 12-15. Following a hearing on defendants' motions to dismiss—which Richmond failed to attend—the court granted the defendants' motions to dismiss on the merits in favor of defendants. Doc. 12-16.

13

Although Richmond seems to allege a conspiracy involving Wiese that stretched after entry of judgment in the state court cases, the only act that Richmond alleges Wiese did as part of the conspiracy was provide the recipe to US Foods. Doc. 4 at 9 ("This conspiracy involves corporate defendants (US Foods and Kraft Foods): the original thief (Nolan Weise) violated a non-disclosure agreement and contracted with US Foods in late 2017 to provide Plaintiff's stolen recipe; US Foods then engaged Kraft Foods to manufacture products using the stolen recipe; and US Foods distributes these products nationwide for enormous profit."); id. at 21 ("Corporate defendants (US Foods as primary conspirator who contracted with Nolan Weise, and Kraft Foods who manufactures the stolen product) who profit from the stolen recipe").[5] Accordingly, it is clear that Richmond is alleging claims against Wiese based on the same act of Wiese allegedly providing US Foods with Richmond's barbecue sauce recipe. Doc. 4. Thus, the prior adjudication is identical to the current.

### b.    Final Judgment on the Merits

Under South Dakota law, "[a] judgment on the merits is one which is based on legal rights rather than matters of procedure and jurisdiction." Nelson v. Hawkeye Sec. Ins. Co., 369 N.W.2d 379, 381 (S.D. 1985) (citing Chicago & N. W. Ry. Co. v. Gillis, 129 N.W.2d 532 (S.D. 1964)). In Richmond's state court case 49 CIV 20-000651, Wiese's motion for summary judgment was granted based on the merits, and judgment entered in favor of Wiese. Docs. 12-11, 12-12. A grant of summary judgment on the merits of the case is a final judgment under

---

[5] Richmond does allege that "Defendants Nolan Weise [sic], Kraft Foods, and US Foods knowingly stole, misappropriated, and used Plaintiff's [recipe] without authorization." Doc. 4 at 25. It is not clear Wiese's actual involvement in the production and distribution of the sauce because in other locations throughout the Amended Complaint, Richmond alleges that Wiese gave the recipe to US Foods that contracted Kraft Foods to produce and distribute. Id. at 9, 10, 15, 16. Regardless of whether Wiese was involved with barbecue sauce production, the state court already determined that such activity did not violate the NDA. Doc. 12-11.

South Dakota law. <u>Novak v. Novak</u>, 741 N.W.2d 222, 228 (S.D. 2007). Thus, state court case 49 CIV 20-000651 resulted in a final judgment on the merits.

In Richmond's state court case 49 CIV 21-000349, Wiese's motion to dismiss was granted, and Richmond's complaint was "dismissed on the merits, with prejudice." Doc. 12-16 at 2–3. The court's order explained that Richmond did not appear for the hearing before the court and "[a]fter hearing argument from counsel and based on the pleadings on file and for good cause appearing" Wiese's motion to dismiss was granted. <u>Id.</u> at 2. Under SDCL § 15-6-41(b), "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in § 15-6-41, other than a dismissal for lack of jurisdiction, or for failure to join a party under § 15-6-19, operates as an adjudication upon the merits." The judge in 49 CIV 21-000349 expressly recognized that "Plaintiff's Complaint may be, and hereby is, dismissed on the merits, with prejudice, with each party to bear their own costs, and without further notice or hearing to any party." Doc. 12-16 at 3. Accordingly, state court case 49 CIV 21-000349 resulted in a final judgment on the merits.

### c.    Same Parties

The "same parties" element of res judicata requires "the second action is not only between the same parties, but also between them in the same capacity or character." <u>Keith v. Willers Truck Serv.</u>, 266 N.W. 256, 258 (S.D. 1936). Richmond sued Wiese in the same manner and in the same capacity and character in both his state prior lawsuits and his current federal lawsuit. <u>See</u> Docs. 4, 12-10, 12-15. Thus, the same parties element of res judicata has been met.

### d.    Full and Fair Opportunity to Litigate

A party has not had a full and fair opportunity to litigate when the question is so irrelevant that it could not have been litigated in the prior lawsuit. <u>Am. Fam. Ins. Grp. v.</u>

15

Robnik, 787 N.W.2d 768, 775 (S.D. 2010). Richmond's sole remaining federal claim is under the Defend Trade Secrets Act (DTSA). Because state and federal courts have concurrent jurisdiction over claims under the DTSA, Richmond's claims could have been brought in state court. Tafflin v. Levitt, 493 U.S. 455, 458–59, 467 (1990) (recognizing that state courts have concurrent jurisdiction over federal claims unless exclusive jurisdiction is express or implied); 18 U.S.C. § 1836 (not including language indicating exclusive jurisdiction); Beijing Neu Cloud Oriental Sys. Tech. Co. v. IBM, 110 F.4th 106, 115 (2d Cir. 2024) (indicating that state courts have concurrent jurisdiction over claims arising under the DTSA). Because both the DTSA and South Dakota's Uniform Trade Secrets Act impose similar requirements,[6] and state courts have concurrent jurisdiction over the DTSA claim, Richmond's DTSA claim was so relevant that it could have been litigated in his prior state-court case. Thus, this Court finds that Richmond had a full and fair opportunity to litigate his DTSA claim in the prior state court cases. Accordingly, this Court grants Wiese's Second Motion to Dismiss, Doc. 14, and denies his First Motion to Dismiss, Doc. 10, as moot.

### III.   Supplemental Jurisdiction

Richmond has alleged several state-law claims against Wiese. Doc. 4. Because Richmond has not pleaded diversity jurisdiction, this Court does not have original jurisdiction over these state-law claims. 28 U.S.C. §§ 1331–1332. Under 28 U.S.C. § 1367(a), a court has supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as the claims that fall within the court's original jurisdiction. But courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In determining whether to exercise supplemental

---

[6] 18 U.S.C. § 1839(3), (5) (defining trade secret and misappropriation for claims under federal law); SDCL § 37-29-1(2), (4) (defining misappropriation and trade secret for claims under state law).

16

jurisdiction, courts consider judicial efficiency, convenience, and fairness to litigators." Magee v. Trs. of the Hamline Univ., 957 F. Supp. 2d 1047, 1060 (D. Minn. 2013) (citing Condor Corp. v. City of St. Paul, 912 F.2d 215, 221 (8th Cir. 1990)). "In assessing efficiency, convenience, and fairness, courts look to a number of factors, including 'the state of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum.'" Id. (citation omitted). Because Richmond has not stated a viable claim within this Court's original jurisdiction, it declines to exercise supplemental jurisdiction over his state-law tort claims. See Mountain Home Flight Serv., Inc. v. Baxter County, 758 F.3d 1038, 1045 (8th Cir. 2014) (deciding that district court acted within its discretion to decline supplemental jurisdiction after dismissing § 1983 claims).

## IV.     Conclusion

Accordingly, it is

ORDERED that Defendant Nolan Wiese's Second Motion to Dismiss Plaintiff's Complaint, Doc. 14, is granted. It is further

ORDERED that Defendant Nolan Wiese's First Motion to Dismiss Plaintiff's Complaint, Doc. 10, is denied as moot. It is finally

ORDERED that this Court declines to exercise supplemental jurisdiction over Richmond's state-law claims, and Richmond's state-law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

DATED this __23rd__ day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

17