UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>OPINION AND ORDER GRANTING WOODS FULLER'S MOTION TO DISMISS AND DISMISSING RICHMOND'S FEDERAL CLAIMS AGAINST WOODS FULLER AS PATENTLY MERITLESS |

Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act, related to conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Docs. 1, 4. In Richmond's Amended Complaint, he sues Woods, Fuller, Shultz & Smith P.C. (Woods Fuller)[1] for alleged involvement in a conspiracy. Doc. 4. Woods Fuller moves to dismiss Richmond's

---

[1] Richmond refers to the law firm as Woods and Fuller, see generally Doc. 4, but this Court will refer to the law firm by its correct name.

claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Docs. 17, 18.

## I.    Factual Background as Alleged by Richmond

Woods Fuller is a law firm in Sioux Falls, South Dakota. Doc. 4 at 12. In 2016, Woods Fuller represented Richmond and drafted a non-disclosure agreement (NDA) between Richmond and Defendant Nolan Wiese related to Richmond's intellectual property of his deceased mother's barbecue sauce recipe. Id. at 12, 15. Wiese allegedly violated the NDA. Id. at 16. Richmond filed suit in the United States District Court for the District of South Dakota, and Chief Judge Roberto A. Lange presided over the case. Id. at 16–17. Judge Lange dismissed the case because it was "outside federal jurisdiction" and "sent Plaintiff to state court, where he knew his case would be assigned to Judge Power, a former Woods and Fuller [sic] attorney." Id. at 17.

When Richmond pursued his case in state court, he sought legal assistance from Woods Fuller. Id. at 12, 17. But Woods Fuller refused to represent Richmond because it was a conflict of interest. Id. Richmond alleges that Woods Fuller "did not explain the nature of the conflict, but their refusal suggests they were either representing Nolan Weise [sic], Kraft Foods, US Foods, or had some other financial interest adverse to Plaintiff." Id. at 17.

Richmond commenced his case in state court in Minnehaha County, and Circuit Judge James Power of the Second Judicial Circuit of the South Dakota Unified Judicial System presided over Richmond's state case. Id. at 12, 18. Prior to his appointment, Judge Power was an attorney at Woods Fuller, a fact that he disclosed during the proceedings. Id. at 18. Judge Power refused to recuse himself, and without providing a jury trial, "Judge Power dismissed Plaintiff's case, protecting Nolan Weise [sic], Kraft Foods, and US Foods." Id. Richmond

2

alleges that Woods Fuller was part of a conspiracy that violated his rights under the Racketeer Influenced and Corrupt Organizations Act. Id. at 21–22.

## II.    Woods Fuller's Motion to Dismiss

Woods Fuller moves to dismiss Richmond's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) due to lack of subject matter jurisdiction for no diversity of citizenship, insufficient service of process through the mail, the Amended Complaint's failure to state a claim upon which relief may be granted, and the claims being barred by the statute of repose and res judicata.[2] Doc. 17.

### A.    Subject Matter Jurisdiction

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Original subject matter jurisdiction can arise under federal question or diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331–1332. Woods Fuller moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) "because the only causes of action directed at Woods Fuller are based on state law, and because diversity jurisdiction is not plead [sic] and does not exist, the Court lacks subject matter of Plaintiff's claims against Woods Fuller." Doc. 18 at 10.

Under 28 U.S.C. § 1332, federal courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); see also OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "When jurisdiction is based on diversity of

---

[2] Woods Fuller's counsel filed an affidavit attaching exhibits with the motion to dismiss. Docs. 19, 19-1, 19-2, 19-3, 19-4, 19-5, 19-6, 19-7. Because this Court need not consider the attachments to counsel's affidavit to determine whether Richmond's claims against Woods Fuller should be dismissed, this Court need not determine whether considering the affidavit and attachments would convert the motion to dismiss into a motion for summary judgment. See Forman v. City of Brookings, No. 4:25-CV-04010-ECS, 2025 WL 2774062, at *3 (D.S.D. Sept. 29, 2025) (citation omitted).

citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted). Woods Fuller correctly notes "diversity jurisdiction is not plead [sic] and does not exist." Doc. 18 at 10. Richmond has not pled his domicile or alleged that he is completely diverse from all Defendants. See Doc. 4; see also Minn. Mining & Mfg. Co. v. Kirkevold, 87 F.R.D. 317, 320 (D. Minn. 1980) (citations omitted) (explaining that a residence is different from a domicile).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Woods Fuller argues that Richmond's Amended Complaint does not allege any federal claims against it. Doc. 18 at 8–10. Instead, Woods Fuller argues that only two of Richmond's claims relate to it: Count XVII for breach of fiduciary duty under state law and Count XVIII for legal malpractice under state law. Id. at 8. Counts III, IV, VI, VII, VIII, IX, X, XIII, XV, XVI, XIX, XX, XXI, XXII, XXIII, and XXIV are alleged against Defendants other than Woods Fuller. Doc. 4 at 23–32. Counts I (Racketeer Influenced and Corrupt Organizations Act Violation 18 U.S.C. § 1964(c)), II (Conspiracy Against Rights 18 U.S.C. § 241), V (Conspiracy to Interfere with Civil Rights 42 U.S.C. § 1985), XI (Wire Fraud 18 U.S.C. § 1343), XII (Mail Fraud 18 U.S.C. § 1341), and XIV (Conversion) are alleged against Defendants generally. Id. at 23–27.

Woods Fuller argues that "[c]learly, Plaintiff was not directing these final six causes of action at Woods Fuller" because "the Complaint does not allege that Woods Fuller is a conspirator." Doc. 18 at 9–10. But the Amended Complaint expressly states:

> The conspiracy also involves judicial defendants (Chief Judge Roberto Lange and Judge Power), who corruptly dismissed Plaintiff's claims and enabled the conspiracy; a law firm (Woods and Fuller), which betrayed Plaintiff's trust and abandoned him to protect the conspirators; and government officials (FBI agents

4

and federal prosecutors), who obstructed justice and prosecuted Plaintiff in retaliation for filing his civil lawsuit.

Doc. 4 at 9. Although the Amended Complaint includes very few details about Woods Fuller's involvement with the alleged conspiracy, Richmond has alleged Woods Fuller as part of the conspiracy. Id. Accordingly, Richmond has invoked federal question jurisdiction.

But the Eighth Circuit has recognized that a dismissal for lack of subject matter jurisdiction is appropriate when the asserted basis for federal jurisdiction is patently meritless. Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005). In such instance, a court reviews the complaint as a facial challenge to jurisdiction and looks solely at the face of the complaint and draws reasonable inferences in favor of the plaintiff. Id. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).

Richmond's federal claims under 18 U.S.C. §§ 241, 1343, and 1341 are patently meritless because these criminal statutes do not provide a private cause of action. United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998); Thornsberry v. Barden, 854 F. App'x 105, 106 (8th Cir. 2021) (per curiam) (citing Wadena, 152 F.3d at 846); Wisdom v. First Midwest Bank, 167 F.3d 402, 407–09 (8th Cir. 1999).

Richmond also alleges a claim under 42 U.S.C. § 1985 without specifying what section he is referring to. See generally Doc. 4. A claim under § 1985(1) is patently frivolous because he has not alleged a conspiracy to prevent him from holding office. A claim under the first phrase of § 1985(2) is also patently frivolous. "The first phrase of § 1985(2) prohibits

5

conspiracy to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein." Gunn v. Stearns, No. 4:25-CV-04034-ECS, 2025 WL 2416132, at *9 (D.S.D. Aug. 21, 2025) (citation modified). Although Richmond alleges witness tampering, Doc. 4 at 22–23, there is no indication that Richmond was a witness or had any federal criminal charges pending against him at the time of Woods Fuller's refusal to represent,[3] and there is no indication that Woods Fuller took any action against Richmond otherwise or made any agreement or had a meeting of the minds to join a conspiracy to prevent Richmond from attending or testifying. See generally id. To the extent that Richmond's Amended Complaint could be read to allege a claim under the second phrase of § 1985(2) or under § 1985(3), such claim would be patently meritless. To assert a claim under the second phrase of § 1985(2) or under § 1985(3) "the plaintiff must allege that the conspiracy was fueled by 'class-based, invidiously discriminatory animus,'" Gunn, 2025 WL 2416132, at *10 (quoting Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996)), and Richmond has made no such allegation of discrimination.

Richmond alleges a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). Doc. 4 at 23. "To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation. Then a RICO plaintiff must prove the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Asa-Brandt, Inc. v. ADM Inv. Servs., 344 F.3d 738, 752 (8th Cir. 2003)

---

[3] Richmond's Amended Complaint indicates that Judge Lange dismissed his case in federal court in 2017 and "sent Plaintiff to state court." Doc. 4 at 11. "When Plaintiff sought to pursue his case after Judge Lange sent his [case] to state court, he returned to Woods and Fuller for legal assistance." Id. at 17. Richmond does not allege that he sought representation from Woods Fuller at any other time. See generally id. This Court takes judicial notice that Richmond filed his complaint in state court before Judge Power on February 25, 2020, and Judge Power entered judgment on December 29, 2020. Docs. 12-9, 12-12. Richmond does not allege that he had any federal cases—civil or criminal—pending while his 2020 state case was pending. See generally Doc. 4. Accordingly, Richmond has not indicated that he was a federal witness or party.

6

(citation modified); see also Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353–58 (8th Cir. 2011) (recognizing that plaintiff must show conduct of an enterprise through a pattern of racketeering activity at the motion to dismiss stage). "Three elements must be proven to show that a RICO enterprise existed: (1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering." Crest Constr. II, Inc., 660 F.3d at 354 (quoting United States v. Lee, 374 F.3d 637, 647 (8th Cir. 2004)). It is not expressly clear if Richmond is only alleging a RICO violation claim or a RICO conspiracy claim. See generally Doc. 4. To establish a RICO conspiracy claim, the plaintiff must allege (1) the existence of an enterprise, (2) the enterprise affected interstate or foreign commerce, (3) the defendant associated with the enterprise, and (4) the defendant objectively manifested an agreement to participate in the affairs of the enterprise. Aguilar v. PNC Bank, 853 F.3d 390, 402 (8th Cir. 2017) (citing United States v. Darden, 70 F.3d 1507, 1518 (8th Cir. 1995)).

Richmond's allegations of an enterprise or conspiracy—whether arising under RICO or § 1985—are absurd. Richmond claims that Woods Fuller is part of this conspiracy because it refused to represent him. Doc. 4 at 9, 12, 17–18. For this Court to find Richmond's claims plausible, it would have to assume implausible facts: that in 2016, Woods Fuller "properly drafted" the NDA,[4] but knew that the recipe would be stolen, and in preparation for future litigation had an attorney from the firm become a state court judge appointed by the governor. At the point of litigation, Woods Fuller refused to represent Richmond in enforcing the NDA against Wiese and two major food corporations because Woods Fuller gained an interest on

---

[4] See Ngam v. Kludt, No. 1:24-CV-01025-ECS, 2025 WL 2636587, at *1 n.1 (D.S.D. Sept. 12, 2025) (collecting cases holding that courts can consider a pro se plaintiff's factual allegations made in a response brief when ruling on a motion to dismiss).

7

behalf of those defendants or itself, and a conspiracy was formed between these corporate defendants, the law firm, federal and state court judges, the FBI, federal prosecutors, and state police officers—all to steal Richmond's mother's barbecue sauce recipe and to criminally prosecute Richmond to cover up the alleged theft. See generally id. Richmond's Amended Complaint asks this Court to make illogical leaps to arrive at that conclusion. His allegations of conspiracy or common enterprise are too implausible and devoid of merit to confer jurisdiction over these claims.

Thus, Richmond has failed to sufficiently plead original jurisdiction.

**B.    Insufficient Service of Process**

Even if Richmond's basis for federal jurisdiction were not patently meritless, Richmond has not properly served Woods Fuller. Under Federal Rule of Civil Procedure 12(b)(5), a court may dismiss a complaint for "insufficient service of process." Woods Fuller moves to dismiss because "Plaintiff failed to properly effectuate service of process on Woods Fuller." Doc. 18 at 10 (citation modified). Under the Federal Rules of Civil Procedure, a corporate entity in the United States must be served either in the manner permitted for personal service on an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Service on individuals within a judicial district may be accomplished in accordance with state law. Fed. R. Civ. P. 4(e)(1). For serving according to state law, service is proper if the plaintiff "follow[ed] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Id.

8

Because this Court is in South Dakota and Richmond attempted service on Woods Fuller in South Dakota, Doc. 7 at 7–8, this Court looks to South Dakota law for whether service under state law was proper. Under South Dakota law for a corporation, personal service may be made on the president, partner or other head of the entity, officer, director, or registered agent. SDCL § 15-6-4(d)(1)(i). A plaintiff may also attempt service by mailing a copy of the summons, two copies of the notice and admission of service, and a return envelope with prepaid postage addressed to the sender, but such service is not complete upon mailing. Richmond v. South Dakota, No. 4:24-CV-04067-ECS, 2025 WL 815721, at *3–4 (D.S.D. Mar. 14, 2025) (citing SDCL § 15-6-4(i)). For service to be proper, the defendant must sign and return the admission of service. Id. at *4 (citing SDCL § 15-6-4(i)).

Richmond attempted to serve Woods Fuller by sending via United Parcel Service (UPS) some sort of package with signature required. Doc. 7 at 7–8. Richmond received proof of delivery from UPS indicating that the package was delivered on November 14, 2025, to the front desk of the address provided and received by someone identified as Sandra. Id. at 7.

Woods Fuller argues that "[i]n sum, service of process on a corporation requires the corporation admit service or that personal service be accomplished on a proper agent of the corporation. Service was not accomplished by either means in this case." Doc. 18 at 10 (citation modified). This Court begins with Woods Fuller's argument that Richmond did not accomplish personal service on a proper agent of the corporation. Doc. 18 at 10. Woods Fuller analogizes sending documents via UPS with signature required to certified mail, and it argues that personal service was not properly made because neither South Dakota nor federal law allows personal service of a summons and complaint by mail. Id. at 11. Richmond alleges that he "properly served Woods Fuller via a third-party process server, and a representative of Woods Fuller

9

signed for and accepted service." Doc. 20 at 2. Neither party cited authority to support their interpretation. In a prior case where Richmond attempted to serve defendants via UPS with signature required, the court analyzed the service method like certified mail. Richmond, 2025 WL 815721, at *3–4. Thus, this Court will analyze Richmond's attempted method of service like certified mail.[5] Richmond has not filed proof that delivery was personally made, not mailed, to the corporate entities in accordance with state or federal law. See Bell v. Vilack, No: 4:15CV00335 SWW, 2015 WL 6758151, at *2 (E.D. Ark. Nov. 5, 2015) (noting that "[i]t is well settled that Rule 4(h) requires personal delivery rather than mail delivery" (citing Larsen v. Mayo Med. Ctr., 218 F.3d 893, 868 (8th Cir. 2000))); Gulley v. Mayo Found., 886 F.2d 161, 165–66 (8th Cir. 1989) (recognizing that signing a certified mail card did not amount to personal service). Accordingly, Richmond has not met the personal delivery requirements under federal or state rules.

This Court next turns to Woods Fuller's argument that it did not admit service of process. Id. It argues that "[n]o admission of service nor acknowledgement of service has been filed with the Court because none exists. Absent such acknowledgement, Plaintiff's attempt at service through mail is insufficient and ineffective." Id. at 12. In the prior Richmond case, the court referenced a case holding that signature and return of an admission of service form is required under the state and federal law. Richmond, 2025 WL 815721, at *4 (citing Gibbons v. Pilcher,

---

[5] Even if this Court accepted Richmond's argument that sending via UPS with signature required was sufficient for service, Woods Fuller correctly notes in its reply that "[t]here is no evidence or proof that any process server served Woods Fuller or that Woods Fuller accepted service." Doc. 28 at 11. It does not appear from the record that Richmond has filed any documents to evidence service besides an unsworn UPS proof of delivery form that was not signed by any particular person and an unsworn UPS shipment receipt that was not signed by any particular person and appears to be generated prior to delivery. Doc. 7 at 7–8. Although Woods Fuller argued this in its reply brief, it reflects its argument in its original brief that "[s]ervice was not accomplished . . . on a proper agent of the corporation" and Richmond filed a surreply without leave of court in which he could have opposed this argument but did not acknowledge it. Accordingly, Richmond has not shown proper delivery.

No. 12-5053, 2013 WL 4647502, at *11 (D.S.D. Aug. 29, 2013)). Accordingly, Richmond has not shown that he received a waiver of service under SDCL § 15-6-4(i) or Rule 4(d).[6]

## III.    Request for Oral Argument

Defendant Woods Fuller requests oral argument on its motion to dismiss. Doc. 30. This Court finds that oral argument is not needed to determine that Woods Fuller's motion to dismiss should be granted. Accordingly, this Court denies Woods Fuller's request for oral argument.

## IV.    Conclusion

Accordingly, it is

ORDERED that Defendant Woods Fuller, P.C's Motion to Dismiss, Doc. 17, is granted. It is further

ORDERED that Richmond's federal claims against Woods Fuller are dismissed without prejudice as patently meritless. It is finally

ORDERED that this Court declines to exercise supplemental jurisdiction over Richmond's state-law claims, and Richmond's state-law claims are dismissed without prejudice under 28 U.S.C. § 1367(c).

DATED this 23th day of June, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[6] Because all claims over which this Court had original jurisdiction are patently meritless or, in the alternative, because Richmond has not properly served Woods Fuller, this Court declines to exercise supplemental jurisdiction over Richmond's state-law claims against Woods Fuller. See 28 U.S.C. § 1367(c)(3).

11