UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

|  |  |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>OPINION AND ORDER GRANTING DEFENDANT MAGISTRATE JUDGE VERONICA L. DUFFY'S MOTION TO DISMISS |

Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act, related to conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Docs. 1, 4. In Richmond's Amended Complaint, he sues District of South Dakota Magistrate Judge Veronica L. Duffy for alleged involvement in the conspiracy. Doc. 4. Judge Duffy moves to dismiss Richmond's claims against her pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Docs. 58, 59.

## I.    Factual Background as Alleged by Richmond as to Claims Against Judge Duffy

Richmond alleges that Defendants conspired to steal his intellectual property, his deceased mother's barbecue sauce recipe. Doc. 4 at 9. The Defendants conspired "to cover up the theft and retaliate against Plaintiff when he sought justice." Id. Richmond sought relief for the theft of his intellectual property in multiple civil cases in federal and state courts. Id. at 16–19. On December 6, 2023, he filed for default judgment in one of his civil cases. Id. at 19. Only eight days later on December 14, 2023, Richmond was arrested on federal criminal charges, which Richmond claims was retaliation meant to silence him and prevent him from pursuing his civil case. Id.

Judge Duffy presided over Richmond's criminal case (4:24-CR-40139-KES). Id. at 3. Richmond alleges that Judge Duffy "issued orders that violate Plaintiff's constitutional rights and demonstrate her participation in the conspiracy to deprive Plaintiff of justice." Id. On October 27, 2025, Judge Duffy issued an order reinstating a prior discovery order that prevented Richmond from obtaining copies of discovery materials. Id. at 3–4; see also id. at 4–5 (alleging that Judge Duffy entered the order as part of the conspiracy and to ensure that Richmond could not effectively defend himself). Richmond was told by the court that he could not keep copies of discovery, could not take photographs of discovery, and must review discovery only at the prosecutor's office on a government computer. Id. at 3. Richmond claims that the order violated his right to prepare a defense and his right to due process. Id.

Richmond also claims that Judge Duffy is violating his rights by presiding over secret proceedings. Id. at 3–4. Richmond seems to indicate that a prior criminal case was brought against him in federal court and dismissed "to ensure Plaintiff has no defense." Id. at 4. Richmond claims that the constitutional requirement that criminal proceedings be public and

2

open is violated because "Judge Duffy is presiding over a criminal prosecution in which the charges against Plaintiff are not accessible to the public." Id. at 3.

Richmond also alleges that several conditions arose such that the charges against him should be dropped, including illegal arrest and detention, defective search warrants, evidence tampering, illegal seizure of property, and retaliatory prosecution. Id. at 3–4. Despite these conditions, "Judge Duffy has refused to dismiss the charges and has instead issued orders that further deprive Plaintiff of his rights." Id. at 4. Richmond sues Judge Duffy under 42 U.S.C. § 1983 for alleged deprivation of his rights under the Fifth and Sixth Amendments.[1] Id. at 5.

## II.    Judge Duffy's Motion to Dismiss

Judge Duffy moves to dismiss Richmond's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Docs. 58, 59.

### A.    Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). A district court lacks jurisdiction to hear claims over which the government has not waived its sovereign immunity. Hart v. United States, 630 F.3d 1085, 1088 (8th Cir. 2011).

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

---

[1] As thoroughly discussed in the Court's orders ruling on Woods Fuller and Wiese's motions to dismiss, the Court considers the alleged conspiracy as patently meritless. To the extent Richmond brings claims against Judge Duffy that are isolated from that conspiracy, the Court deems dismissal for the reasons stated herein is appropriate.

3

550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B.    Discussion**

Richmond sues Judge Duffy in her individual capacity.[2]  Doc. 4 at 2.  An action against a federal official in his or her individual capacity for money damages for a violation of a constitutional right is generally alleged as a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  "An action under Bivens is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials while the latter is against state officials." Ward v. U.S. Marshals, No. 5:23-CV-05061-CCT, 2025 WL 949242, at *1 n.4 (D.S.D. Mar. 28, 2025) (citation modified) (quoting Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990)).  But courts have recognized that a federal official may be liable under § 1983 when the federal official acted in conspiracy with state officials, such that the federal official acted under color of state law.  See Olson v. Norman, 830 F.2d 811, 821 (8th Cir. 1987); Hernandez v. Causey, 124 F.4th 325, 337 (5th Cir. 2024).  Because Judge Duffy acted under her authority given to her under federal law, Richmond's claims against her are likely under Bivens.  Regardless of what law this Court liberally construes Richmond's claims under,

---

[2] This Court notes that Richmond only sues Judge Duffy in her individual capacity.  Doc. 4 at 2.  Even if any "remedy sought is truly against the sovereign," Lewis v. Clarke, 581 U.S. 155, 162 (2017), Richmond has not alleged a waiver of sovereign immunity on the claims against Judge Duffy such that the United States would be subject to suit.  See generally Doc. 4; see also Doc. 59 at 6–7 (arguing that Richmond's claims against Judge Duffy are barred by sovereign immunity).

his claims against Judge Duffy are barred under Heck v. Humphrey, 512 U.S. 477 (1994), and judicial immunity.

Judge Duffy argues that Heck bars Richmond's claims against her. Doc. 59 at 16–17; Doc. 78 at 3. Under Heck, claims necessarily implicating the validity of the plaintiff's conviction may not be brought under § 1983, regardless of the relief sought. 512 U.S. at 486–87. Several courts have extended the application of Heck to a Bivens context. Washington v. Sorrows, 107 F.3d 876, 876 (8th Cir. 1997) (per curiam); Jackson v. Hollenhorst, No. 25-2168 (JWB/SGE), 2025 WL 1911601, at *1–2 (D. Minn. July 11, 2025); Bailey v. Schmidt, No. 04-1397 (DWF/SRN), 2005 WL 8164778, at *3 (D. Minn. Mar. 2, 2005), adopted, 2005 WL 8164777 (D. Minn. Mar. 21, 2005). Some courts have applied Heck to claims pre-conviction or post-conviction, if a successful claim would imply the invalidity of a prior or future conviction. Rodriguez v. Hendrix, No. 13-5249, 2014 U.S. Dist. LEXIS 31195, at *1–3 (W.D. Ark. Feb. 21, 2014), adopted, 2014 U.S. Dist. LEXIS 31198 (W.D. Ark. Mar. 11, 2014); McDaniels v. Meeks, No. 4:05CV01195 TCM, 2006 WL 148743, at *2–3 (E.D. Mo. Jan. 18, 2006). Because Richmond is attempting to collaterally attack his criminal case, and a finding for Richmond on his claims against Judge Duffy would imply an invalidity of his criminal case and his conviction,[3] Heck bars Richmond's claims against Judge Duffy.

Even if Heck were not applicable, Judge Duffy argues that judicial immunity bars Richmond's claims against her. Doc. 59 at 7–12; Doc. 78 at 2–3. Judicial immunity is absolute immunity that prevents suit against a judge unless the actions were not taken in the judge's judicial capacity or the judge took action in the complete absence of all jurisdiction. Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012) (citing Mireles v. Waco, 502 U.S. 9, 11–12 (1991)

---

[3] While Richmond's civil case was pending, a jury convicted Richmond in his criminal case. United States v. Richmond, No. 4:24-CR-40139-KES, Doc. 292 (D.S.D. Apr. 10, 2026).

5

(per curiam)). Richmond argues that judicial immunity does not apply because Judge Duffy acted in a conspiracy, engaged in non-judicial actions, and acted in the complete absence of jurisdiction. Docs. 76, 79.

Richmond argues that judicial immunity is not applicable because under Dennis v. Sparks, 449 U.S. 24, 29 (1980), "[a] judge is not immune for acts taken in a conspiracy to violate constitutional rights." Doc. 76 at 3. Richmond's argument is a misstatement of Dennis and is legally flawed. In Dennis, the plaintiff alleged that

> an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that *the judge himself is immune from damages liability.* Immunity does not change the character of the judge's action or that of his co-conspirators. Indeed, his immunity is dependent on the challenged conduct being an official judicial act within his statutory jurisdiction, broadly construed.

449 U.S. at 28–29 (citation modified). Allegations that a judge conspired with third parties does not defeat judicial immunity for actions taken in relation to a function normally performed by a judge. See id.; Moses v. Parwatikar, 813 F.2d 891, 893 (8th Cir. 1987); Gomez v. Elk Point Union Cnty., No. 4:24-CV-04216-LLP, 2025 WL 775832, at *7 (D.S.D. Mar. 11, 2025) (collecting cases); see also Doc. 78 at 2. Accordingly, Richmond's allegations of conspiracy do not fall within an exception to judicial immunity.

Richmond also claims that Judge Duffy engaged in non-judicial actions because "[s]ealing an entire case file to conceal constitutional violations and perjury by law enforcement is not a judicial act; it is an act of spoliation and obstruction of justice." Doc. 76 at 4. "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in [her] judicial capacity." Birch v. Mazander, 678 F.2d 754, 756 (8th Cir.1982) (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). As Judge Duffy notes, issuing orders

6

and presiding over proceedings in criminal cases are clearly judicial acts. Doc. 59 at 10–11; Doc. 78 at 2; see also Stump, 435 U.S. at 362.

Richmond argues that the criminal proceedings against him were taken in the clear absence of jurisdiction because "[a] court has no jurisdiction to prosecute a citizen without a valid warrant or indictment. Furthermore, the Double Jeopardy Clause of the Fifth Amendment removes jurisdiction to re-prosecute a person for the same offense after dismissal." Doc. 76 at 4. But Richmond does not point to any cases supporting his argument. Judge Duffy argues that she was acting with jurisdiction. Doc. 78 at 2–3 (citing Stump, 435 U.S. at 356). In Stump, the Supreme Court has explained that

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

435 U.S. at 357 n.7 (citing Bradley v. Fisher, 80 U.S. 335, 352 (1871)). Thus, even if the procedural deficiencies Richmond mentions had occurred, Judge Duffy would have been merely acting in excess of her jurisdiction, not in the absence of all jurisdiction. See also Archie v. Hamilton Twp. Mun. Ct., No. 19-20975 (GC) (JTQ), 2024 WL 3594400, at *4 (D.N.J. July 30, 2024) (holding that judicial immunity applied even if a criminal case was barred by double jeopardy).

Accordingly, Judge Duffy is entitled to judicial immunity. As Judge Duffy argues, judicial immunity bars all forms of relief Richmond requests against her in her individual capacity. See Doc. 59 at 7–9; see also Mireles, 502 U.S. at 9 (barring claims for money damages under judicial immunity); Just. Network Inc. v. Craighead County, 931 F.3d 753, 763–64 (8th Cir. 2019) (generally barring under judicial immunity § 1983 claims for injunctive relief unless a

7

declaratory decree is violated or declaratory relief is unavailable).  Thus, Richmond's claims

against Judge Duffy are barred by judicial immunity.

Accordingly, it is

ORDERED that Defendant Magistrate Judge Veronica L. Duffy's Motion to Dismiss,

Doc. 58, is granted.

DATED this 23th day of June, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE