UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>OPINION AND ORDER GRANTING DEFENDANT CHIEF JUDGE ROBERTO A. LANGE'S MOTION TO DISMISS |

Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act, related to conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Docs. 1, 4. In Richmond's Amended Complaint, he sues District of South Dakota Chief Judge Roberto A. Lange for alleged involvement in the conspiracy. Doc. 4. Judge Lange moves to dismiss Richmond's claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Docs. 60, 61.

## I.    Factual Background as Alleged by Richmond as to Claims Against Judge Lange

Richmond alleges that there is a conspiracy between US Foods, Kraft Foods, Nolan Wiese, Judge Lange, State Court Judge James A. Power, Woods Fuller,[1] and government officials in relation to the theft of his mother's barbeque sauce recipe. Doc. 4 at 17, 20–22. Richmond alleges that Judge Lange, as part of the conspiracy, "corruptly dismissed Plaintiff's claims and enabled the conspiracy." Id. at 9.

In 2017, Richmond filed suit in federal court for theft of his intellectual property, the barbeque sauce recipe. Id. at 11. Richmond alleges that Judge Lange wrongfully dismissed Richmond's lawsuit based on lack of federal jurisdiction despite his clearly alleged federal claims. Id. at 11, 16–17. According to Richmond, "Judge Lange's dismissal enabled the theft of Plaintiff's recipe and sent Plaintiff to state court where Judge Power (a former Woods and Fuller attorney) would dismiss the case." Id. at 11; see also id. at 16–17.

Throughout the years, Richmond filed several civil lawsuits in state and federal court in relation to the alleged theft of his barbeque sauce recipe. See id. at 16–18. On December 6, 2023, Richmond filed for default judgment in a civil case in federal court. Id. at 13. Eight days later, Richmond was "unlawfully arrested." Id. at 11. Richmond filed another suit in federal court against the arresting officers and the prosecutor (No. 4:24-CV-4067-RAL). Id. Judge Lange allegedly dismissed the lawsuit to protect the officers and denied Richmond's request for the United States Marshals Service to serve subpoenas on US Foods and Kraft Foods, in order to prevent Richmond from obtaining evidence of the conspiracy. Id. Richmond alleges that these

---

[1] Richmond refers to the law firm as Woods and Fuller, but this Court will refer to the Defendant by its correct name Woods Fuller. Woods Fuller, https://www.woodsfuller.com/ [https://perma.cc/T6M6-XGNJ] (last visited June 12, 2026).

2

actions "prove [Judge Lange's] ongoing role in the conspiracy to deprive Plaintiff of justice and protect the corporate and government defendants." Id.

Richmond sues Judge Lange in his individual capacity. Id. Richmond specifically sues Judge Lange under 18 U.S.C. § 242, 42 U.S.C. § 1983, 42 U.S.C. § 1986, and 18 U.S.C. § 1512. Id. at 24–25. But Richmond alleges claims against Defendants generally under 18 U.S.C. § 1964(c), 18 U.S.C. § 241, 42 U.S.C. § 1985, 18 U.S.C. § 1343, and 18 U.S.C. § 1341, as well as a state law claim for conversion.[2] Id. at 23–32. Richmond requests money damages, prospective injunctive relief, and retrospective declaratory judgment. Id. at 32–33, 35–36.

## II.   Judge Lange's Motion to Dismiss

Judge Lange moves to dismiss Richmond's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Doc. 60. Richmond did not respond to Judge Lange's motion to dismiss, and the time to do so has expired. See D.S.D. Civ. LR 7.1. Richmond, as a pro se plaintiff, is not exempt from complying with the Federal Rules of Civil Procedure, local rules, and court orders. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (citing Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993)). Richmond is quite familiar with the legal process, and he timely filed briefs in response to motions to dismiss by other Defendants. Thus, this Court will not sua sponte extend Richmond's time to respond to the motion. This Court now considers the merits of Judge Lange's motion to dismiss. Country Club Ests., L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1006 (8th Cir. 2000) ("[T]he absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits.").

---

[2] As thoroughly discussed in the Court's orders ruling on Woods Fuller and Wiese's motions to dismiss, the Court considers the alleged conspiracy as patently meritless. To the extent Richmond brings claims against Judge Lange that are isolated from that conspiracy, the Court deems judicial immunity the proper manner to dispose of them.

3

### A.    Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). A district court lacks jurisdiction to hear claims over which the government has not waived its sovereign immunity. Hart v. United States, 630 F.3d 1085, 1088 (8th Cir. 2011).

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B.    Discussion

Richmond sues Judge Lange in his individual capacity.[3] Doc. 4 at 1, 8, 11. Judge Lange argues that Richmond's claims against him are barred by judicial immunity. Doc. 61 at 8–13.

---

[3] This Court notes that Richmond only sues Judge Lange in his individual capacity. Doc. 4 at 1, 8, 11. Even if any "remedy sought is truly against the sovereign," Lewis v. Clarke, 581 U.S. 155, 162 (2017), Richmond has not alleged a waiver of sovereign immunity on the claims against Judge Lange such that the United States would be subject to suit. See generally Doc. 4; see also Doc. 61 at 6–7 (arguing that Richmond's claims against Judge Lange are barred by sovereign immunity).

4

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (footnote omitted) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). Judicial immunity is absolute and prevents suit against a judge in his or her individual capacity "in all but two narrow circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012); see also Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (citation omitted). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Schottel, 687 F.3d at 373 (quoting Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam)).

"An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." Birch v. Mazander, 678 F.2d 754, 756 (8th Cir. 1982) (citations omitted). Richmond's allegations against Judge Lange clearly demonstrate judicial acts, i.e. dismissing court cases and denying subpoenas.[4] Doc. 4 at 11; Doc. 61 at 11–12. Judge Lange's actions were not taken in the complete absence of jurisdiction. Instead, as Judge Lange argues, Richmond sought out the jurisdiction of the federal court in his civil cases. Doc. 61 at 12–13. Accordingly, Judge Lange is entitled to judicial immunity. Judicial immunity is immunity from suit, not just the assessment of damages. Mireles, 502 U.S. at 11; see also id. at 9 (barring claims for money damages under judicial immunity); Just. Network Inc. v. Craighead County, 931 F.3d 753, 763–64 (8th Cir. 2019) (generally barring

---

[4] Judge Lange's brief also mentions that he briefly presided over Richmond's criminal case and entered only a scheduling order and approved CJA vouchers (authorized payment to court-appointed attorneys). Doc. 61 at 3–4, 13. But this Court does not address these facts because Richmond does not include such facts in his Amended Complaint. See generally Doc. 4.

5

under judicial immunity § 1983 claims for injunctive relief unless a declaratory decree is violated or declaratory relief is unavailable and barring claims for retrospective declaratory relief).  Thus, Richmond's claims against Judge Lange are barred by judicial immunity.[5]

Accordingly, it is

ORDERED that Judge Lange's Motion to Dismiss, Doc. 60, is granted.  It is further

ORDERED that this Court declines to exercise supplemental jurisdiction over Richmond's state-law claim against Judge Lange under 28 U.S.C. § 1367(c) because all claims over which it had original jurisdiction have been dismissed.  Richmond's state-law claim against Judge Lange is dismissed without prejudice.

DATED this 23th day of June, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[5] Because dismissal based on judicial immunity is proper, this Court need not consider Judge Lange's arguments for insufficient service of process asserted under Rule 12(b)(5) at this time.

6