UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>OPINION AND ORDER GRANTING MOTION TO DISMISS BY MATT THELEN, MARK HODGES, AND THE UNITED STATES |

Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act, related to conspiracy to steal and profit from his intellectual property while preventing his obtaining of justice. Docs. 1, 4. In Richmond's Amended Complaint, he sues District of South Dakota Clerk of Court Matt Thelen,[1]

---

[1] Richmond stated in his Amended Complaint that "Matt Thelen is a clerk at the Minnehaha County Courthouse." Doc. 4 at 13. This Court takes judicial notice that Matt Thelen is the clerk of court for the United States District Court for the District of South Dakota. Richmond v. Weise, No. 4:23-CV-04168-RAL, Doc. 27 (D.S.D.); District of South Dakota, Court Info, https://www.sdd.uscourts.gov/court-info [https://perma.cc/VAR3-N88Q] (last visited June 5, 2026); see also Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 793 (8th Cir. 2016) (recognizing the court's authority to take judicial notice of government websites (citation omitted)). The Court

Assistant United States Attorney Mark Hodges, and John Does 1-50 for their involvement in the alleged conspiracy. Doc. 4. These Defendants move to dismiss under Federal Rules of Civil Procedure 4(i), 4(m), 12(b)(1), 12(h)(3), and 12(b)(6). Doc. 93.

## I.     Factual Background as Alleged by Richmond as to Claims Against Matt Thelen, Mark Hodges, and John Does 1-50

Richmond alleges that Defendants conspired to steal his intellectual property of his deceased mother's barbecue sauce recipe. Doc. 4 at 9. The Defendants allegedly conspired "to cover up the theft and retaliate against Plaintiff when he sought justice." Id. Beginning in 2017 and continuing beyond 2019, Richmond reported the theft and conspiracy to Federal Bureau of Investigations (FBI) Agent John Doe 21 in Sioux Falls, South Dakota.[2] Id. at 14, 20. John Doe 21 "was assigned to take Plaintiff's complaints but failed to investigate, failed to take action, and participated in the obstruction of justice." Id. at 14; see also id. at 20–21, 37. FBI Agent John Doe 22 "was also assigned to Plaintiff's case and participated in the obstruction of justice by failing to investigate Plaintiff's complaints and allowing the conspiracy to continue." Id. at 14; see also id. at 20–21, 37. On November 4, 2025, FBI Supervisor John Doe 23 "actively participated in the obstruction of justice by instructing his subordinate, Defendant FBI Agent John Doe 21, that he was not required to provide his name to Plaintiff." Id. at 14. FBI Supervisor John Doe 23 also refused to give his own name to Richmond. Id. at 14, 37.

Richmond sought relief for the alleged theft of his intellectual property in multiple civil cases in federal and state court. Id. at 16–19. On December 6, 2023, he filed for default

---

presumes Richmond made a typographical error when stating that Thelen was the clerk at the Minnehaha County Courthouse.

[2] Richmond also alleges that he sent written complaints to the United States Department of Justice in Washington, D.C., which were ignored. Doc. 4 at 20. But employees from the Department of Justice in Washington, D.C., were not identified as defendants. See generally id.

judgment in one of his civil cases in federal court. Id. at 19. District of South Dakota Clerk of Court Matt Thelen "confirmed that the defendants were in default and had passed their time to respond." Id. at 13. On December 14, 2023, only eight days after the entry of default in one of Richmond's civil cases, Assistant United States Attorney Mark Hodges[3] caused Richmond to be arrested as retaliatory prosecution. Id. at 13, 19. Richmond alleges that after he was arrested, Thelen "changed his story and falsely claimed the defendants were not in default" as a "deliberate misrepresentation [ ] designed to prevent Plaintiff from obtaining the default judgment he was legally entitled to, and constitutes obstruction of justice and participation in the conspiracy to protect the corporate and government defendants." Id. at 13.

After Richmond's arrest, Hodges "seized Plaintiff's phone, which contains exculpatory evidence including recordings, videos, and text messages proving Plaintiff's innocence." Id. at 13; see also id. at 19. Originally, charges were brought against Richmond in state court, but the state court charges were dismissed after Richmond argued his arrest was unconstitutional, but twenty-six days later, Hodges filed federal charges for the same acts. Id. at 19. Hodges ultimately dismissed the first federal criminal case against Richmond, but he initiated a second prosecution and refused to return Richmond's phone. Id. at 13, 19–20. Richmond alleges that "Prosecutor Hodges' actions constitute malicious prosecution, obstruction of justice, and conspiracy to deprive Plaintiff of his constitutional rights." Id. at 13; see also id. at 20 (alleging that Hodges' refusal to explain the dismissal constitutes deliberate concealment and obstruction of justice). Richmond alleges that John Does 16-20 are "Assistant United States Attorneys who participated in the retaliatory prosecution against Plaintiff." Id. at 14.

---

[3] Richmond also alleges that Hodges committed fraud on the court because he stated that Richmond never filed complaints with the FBI. Doc. 4 at 21.

Richmond specifically sues FBI agents under 18 U.S.C. § 242, 42 U.S.C. § 1983, and 18 U.S.C. § 1512. Id. at 24–25. He specifically sues federal prosecutors under 18 U.S.C. § 242, 42 U.S.C. § 1983, and 18 U.S.C. § 1512 and under state law for malicious prosecution. Id. at 24–25, 30. He specifically sues Thelen under 18 U.S.C. § 1512. Id. at 25. Richmond sues all Defendants under 18 U.S.C. § 1964(c), 18 U.S.C. § 241, 42 U.S.C. § 1985, 18 U.S.C. § 1343, 18 U.S.C. § 1341, and under state law for conversion.[4] Id. at 23–27.

## II.    Motion to Dismiss

### A.    Thelen and Hodges' Motion to Dismiss

#### 1.    Subject Matter Jurisdiction

Defendants Thelen and Hodges argue that the issue of subject matter jurisdiction has already been litigated as to the claims against them in their individual capacities, and thus, subject matter jurisdiction on the basis alleged cannot be relitigated under res judicata. Doc. 94 at 8. That is generally a correct statement of law. See Sandy Lake Band of Mississippi Chippewa v. United States, 714 F.3d 1098, 1103 (8th Cir. 2013) ("Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction. . . . The dismissal of the complaint thus constitutes a 'valid and final judgment' sufficient to bar [plaintiff] from relitigating the issue of subject matter jurisdiction."). But that argument misconstrues the court's adjudication in the prior case. As to the individual capacity claims against Thelen and Hodges in the prior case, the court dismissed those claims for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), not for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[4] As thoroughly discussed in the Court's orders ruling on Woods Fuller and Wiese's motions to dismiss, the Court considers the alleged conspiracy as patently meritless. To the extent Richmond brings claims against Thelen, Hodges, and John Does that are isolated from that conspiracy, the Court deems dismissal for the reasons stated herein is appropriate.

Richmond v. South Dakota, No. 4:24-CV-04067-ECS, 2025 WL 815721, at *7–13 (D.S.D. Mar. 14, 2025). Thus, this Court will independently determine if there is subject matter jurisdiction over Richmond's claims.

Original jurisdiction can arise under federal question or diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331–1332. Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because Richmond has federal causes of action which this Court cannot determine as patently meritless, this Court holds that it has federal question jurisdiction. This Court also has supplemental jurisdiction to the extent Richmond's state-law claims are so related that they arise out of the same case or controversy. 28 U.S.C. § 1367(a).

### 2.    Insufficient Service of Process

Thelen and Hodges move to dismiss Richmond's claims against them pursuant to Federal Rules of Civil Procedure 4(i) and 4(m) for lack of service. Doc. 93 at 1. Federal Rule of Civil Procedure 4 governs service of a summons. But Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move for dismissal for insufficient service of process. The Court construes the motion under Rule 12(b)(5).

As Defendants Thelen and Hodges note, to properly serve an employee of the United States or its agencies sued in his or her individual capacity, the plaintiff must serve the both the United States and the employee. Doc. 94 at 3 (citing Fed. R. Civ. P. 4(i)(3)). To serve the United States, the plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1); see also Doc. 94 at 3. To serve an individual, the plaintiff must: (1) serve in accordance with state law, (2) deliver a copy of the summons and complaint to the individual, (3) leave a copy at the individual's dwelling with someone of suitable age and discretion who resides there, or (4) deliver to an agent authorized by law or appointment to receive service. Fed. R. Civ. P. 4(e); see also Doc. 94 at 3. Under South Dakota law, a plaintiff may attempt service by mailing a copy of the summons, two copies of the notice and admission of service, and a return envelope with prepaid postage addressed to the sender, but such service is not complete upon mailing. SDCL § 15-6-4(i); see also Doc. 94 at 4.

Thelen and Hodges allege that sending via UPS is insufficient for personal service and analogize sending via UPS as service by mail. Doc. 94 at 4. Richmond has not responded to Thelen and Hodges' Motion to Dismiss.

This Court begins with Thelen and Hodges' arguments that Richmond did not personally serve them. The only "proof of delivery" Richmond submitted for Thelen and Hodges is a sales receipt showing that Richmond paid for some sort of paperwork to be mailed via UPS to the Sioux Falls US Attorney's Office and the Sioux Falls federal courthouse and a document showing that someone identified as Sara signed for mail delivery of the document at the US Attorney's Office and someone named Amy signed for it at Sioux Falls federal courthouse. Doc. 7 at 15–16, 23–24; see generally Doc. 105-1. This Court agrees with Thelen and Hodges that this does not comport with the requirements for personal service under Federal Rule of Civil

6

Procedure 4(e)(2). Thelen and Hodges also argue that personal service has not been made because they are federal employees and "[t]he United States has not been served in this matter. No summons has been issued for . . . the Attorney General." Doc. 94 at 4. There is no indication in the record that Richmond sent a copy of the summons and complaint to the Attorney General in Washington D.C. See generally Docs. 7, 8, 105. Accordingly, Richmond has not shown personal service was made on Thelen and Hodges.

The Court next turns to Thelen and Hodges argument that service by mail was insufficient. These Defendants cite Richmond's prior case where he was informed that sending via mail is insufficient without receiving a signed admission of service. Doc. 95 at 4–5 (citing Richmond v. South Dakota, No. 24-CV-04067-ECS, Doc. 67 at 7). Richmond has not filed signed waivers of service for Thelen and Hodges. See generally Docs. 7, 8, 105. Therefore, Thelen and Hodges' motion to dismiss for insufficient service of process is granted.[5]

### B.    John Does' Motion to Dismiss

#### 1.    Capacity

Richmond does not specify in which capacity he sues John Does 1-50. See generally Doc. 4. John Does 1-50[6] argue that because Richmond does not specify if they are sued in their individual or official capacities they are only sued in their official capacities pursuant to Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Doc. 94 at 3. But the Eighth Circuit no longer applies a brightline rule when a plaintiff does not specify the capacity in which

---

[5] Counsel has submitted affidavits regarding service. Docs. 95, 96, 97, 98. Because this Court can clearly tell that service is insufficient without looking at the affidavits, the Court need not consider the affidavits and need not determine whether considering the affidavits would convert Defendants' motion to dismiss into a motion for summary judgment.

[6] It is expressly clear that John Does 1-2 and 16-23 are federal employees. Doc. 4 at 1, 8, 14. It is not clear whether John Does 3-15 and 24-50 are federal employees. Id. at 15. But counsel has filed a notice of appearance on behalf of John Does 1-50. Doc. 90.

7

a defendant is sued; instead, courts must apply a "course of proceedings test" to determine capacity sued. S.A.A. v. Geisler, 127 F.4th 1133, 1136 (8th Cir. 2025) (en banc). "The fundamental question is whether the course of proceedings has put the defendant 'on notice that [he] was being sued in [his] individual capacity' and that '[his] personal liability was at stake.'" Id. at 1139 (quoting Daskalea v. D.C., 227 F.3d 433, 448 (D.C. Cir. 2000)). "Relevant factors include, but are not limited to, how early in the litigation the plaintiff first specified individual capacity claims, whether the plaintiff's complaint included a prayer for punitive damages, and whether the defendant declined to raise a qualified immunity defense." Id. The Supreme Court has instructed that when a plaintiff files a lawsuit against federal employees, "courts should look to whether the sovereign is the real party of interest to determine whether sovereign immunity bars the suit. In making this assessment, courts . . . determine in the first instance whether the remedy sought is truly against the sovereign." Lewis v. Clarke, 581 U.S. 155, 161–62 (2017) (citation modified).

Here, Richmond specifically identified individual capacity claims against other Defendants, but he has not to date identified individual capacity claims against John Doe Defendants. See generally Doc. 4. Richmond makes it clear that the John Doe Defendants 1-2 and 16-23 are employed by the federal government and were engaging in employment duties. Doc. 4 at 1, 8, 14. John Doe Defendants have not raised a qualified immunity defense. This may have been due to their mistaken belief that the clear statement rule addressed in Johnson was controlling. Richmond prays for punitive damages. Id. at 9, 23–24, 32, 35. Accordingly, in this instance, this Court liberally construes Richmond's filing to allege both official and individual capacity claims against John Doe Defendants 1-2 and 16-23.

As to John Doe Defendants 3-15 and 24-50, there is no indication these individuals were acting as employees of any government,[7] and it is generally unclear what their involvement was in the alleged conspiracy. Id. at 15. Richmond solely states that "Defendants Does 1-50 are individuals and entities whose identities are currently unknown to Plaintiff but who participated in the conspiracy described herein." Id. Because there are not any allegations related to employment by the government for these Defendants, nor is there any indication that these Defendants were acting under the direction of the government, this Court reads Richmond's Amended Complaint to only allege individual capacity claims against John Does 3-15 and 24-50.[8]

### 2.    Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It is expressly clear that FBI Agents 1-2 and John Does 16-23 are federal employees. Doc. 4 at 1, 8, 14. John Does move to dismiss the official capacity claims against them for lack of subject matter jurisdiction based on sovereign immunity. Doc. 94 at 6–7. Official capacity claims against government employees are treated as suits against the employing government entity. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998); Veatch v. Bartels Lutheran

---

[7] This Court acknowledges that Richmond's shipping receipt indicates that he attempted to have John Does 3-50 served at the same address as FBI Agents 1-2 and Hodges. Doc. 7 at 12, 20, 24. But this is not part of Richmond's Amended Complaint. Doc. 4.

[8] Even if this Court found that official capacity claims were alleged for John Does 3-15 and 24-50 as federal employees, such claims would be barred under sovereign immunity for the same reasons that Richmond's official capacity claims against John Doe Defendants 1-2 and 16-23 are dismissed.

Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Richmond's official capacity claims against John Does 1-2 and 16-23 are treated as claims against the United States.

Defendants argue that their official capacity claims are barred by sovereign immunity. Doc. 94 at 6–7. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Richmond does not cite to any authority waiving sovereign immunity. See generally Doc. 4.

This Court notes that Richmond alleges a tort claim against all Defendants. Doc. 4 at 27. Accordingly, this Court will consider whether the Federal Tort Claims Act (FTCA) would provide a limited waiver to sovereign immunity. See King v. United States, 3 F.4th 996, 998 (8th Cir. 2021) ("The FTCA serves as a limited waiver of sovereign immunity, opening the door to state-law liability claims against the federal government for harm caused by government employees." (citation omitted)). The FTCA waives sovereign immunity for claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Exhaustion is mandatory for a court to have jurisdiction over an FTCA claim. McNeil v. United States, 508 U.S. 106, 113 (1993); Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009). To exhaust, the plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Id. Here, Richmond has not pleaded that he

10

exhausted under the FTCA.[9] See generally Doc. 4. Thus, the FTCA does not waive sovereign immunity in this instance.

The Administrative Procedures Act (APA) also provides a waiver of sovereign immunity in some cases. 5 U.S.C. §§ 701–706. The APA "provides for judicial review of federal agency action," Rosebud Sioux Tribe v. McDivitt, 286 F.3d 1031, 1036 (8th Cir. 2002) (citation omitted), and permits relief other than money damages. § 702. Richmond's claims for relief other than money damages largely relate to actions done by the US Attorney's Office. Doc. 4 at 32–33, 35–36. One court has expressly noted "[t]o the extent [plaintiff] seeks to invoke the [APA] to review the decision of the United States Attorney's Office to prosecute him, his claim fails. While the APA allows review of final agency decisions, it does not permit review of an individualized decision on whether to federally prosecute an individual." Herrod v. Bondi, No. 5:25-cv-05070-TLB, 2025 WL 1288964, at *3 (W.D. Ark. Apr. 14, 2025), adopted, 2025 WL 1287793 (W.D. Ark. May 2, 2025). In Herrod, the court held that the plaintiff failed to state a claim under the APA because plaintiff "makes no argument he is challenging a specific Department of Justice . . . policy regarding the prosecution of drug offenders." Id. Similarly, Richmond is not making an argument that the US Attorney's Office under the Department of Justice or the Federal Bureau of Investigations has a policy at issue or that there was a final agency action. See generally Doc. 4. Accordingly, Richmond has not shown waiver of sovereign immunity under the APA.

---

[9] Richmond does generally allege that he "sent written complaints to the United States Department of Justice in Washington, D.C., further documenting the theft and conspiracy." Doc. 4 at 20. But Richmond has not alleged any facts about the nature of the complaints, whether the complaints related to the conduct of federal employees or merely the individuals or entities Richmond believes responsible for the alleged initial theft of his recipe, or whether he provided sufficient information for presentment of a claim. Id.; see also Colombe v. United States, No. 4:24-CV-5069-LLP, 2025 WL 2166908, at *3–4 (D.S.D. July 30, 2025) (citing 28 C.F.R. § 14.2) (discussing requirements for presentment).

Thus, to the extent that John Does are employees of the United States sued in their official capacity, these claims are barred under sovereign immunity.

### 3.      Service of John Does

Richmond has sued John Does 1-50.  Doc. 4.  He attempted to serve via UPS FBI Agents 1-2 and John Does 3-50 at the address for the United States Attorney's Office in Sioux Falls, South Dakota.  Doc. 7 at 11–12, 19–20.  John Does argue that they were not properly served. Doc. 94 at 2–5.  As the Defendants note, to serve a federal employee in his or her individual capacity, the United States and the employee must be served.  Like with Thelen and Hodges, the record does not indicate that Richmond sent a copy of the summons and complaint to the Attorney General in Washington, D.C.  See generally Doc. 7.  Richmond also has not indicated that each John Doe Defendant was personally served in accordance with state law or Federal Rule of Civil Procedure 4(e); he only provided proof of delivery documents indicating that he attempted to serve these Defendants via UPS at the United States Attorney's Office in Sioux Falls, South Dakota.  Id.  Richmond has been aware since March 2025 that service of a summons via UPS alone is insufficient.  Richmond, 2025 WL 815721, at *3–4.  Thus, regardless of whether the John Doe Defendants are or are not federal employees, all of these John Doe Defendants have not been properly served as individuals.  Accordingly, Richmond's individual capacity claims against John Does 1-50 are dismissed pursuant to Rule 12(b)(5).[10]

## III.    Conclusion

Accordingly, it is

---

[10] Because all claims over which this Court had original jurisdiction are dismissed against Thelen, Hodges, and John Does, this Court declines to exercise supplemental jurisdiction over Richmond's state-law claims against Thelen, Hodges, and John Does.  See 28 U.S.C. § 1367(c)(3).

ORDERED that the Motion to Dismiss by Matt Thelen, Mark Hodges, and the United States, Doc. 93, is granted, and Richmond's claims against Matt Thelen, Mark Hodges, and John Does 1-50 (FBI Agents John Does 1-2 and John Does 3-50) are dismissed without prejudice.

DATED this 23th day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE