UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff Courtney Richmond, who is in custody at the Yankton County Jail, filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act. Doc. 4. This Court entered judgment in favor of Defendants and against Richmond. Doc. 116. Richmond filed a notice of appeal and a motion for leave to proceed in forma pauperis on appeal. Docs. 121, 122.

Under 28 U.S.C. § 1915(a)(2),

[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefore . . . shall submit a

certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The Eighth Circuit has noted that "[i]n [its] view, Congress's definition of 'prisoner' as one who is incarcerated necessarily refers to the individual's status at the time the civil action is filed or appealed." Williams v. Scalleta, 11 F. App'x 677, 678 (8th Cir. 2001) (per curiam). Despite Richmond's status as a non-prisoner at the time the civil action was initiated, he is a prisoner at the time his notice of appeal was filed, and thus, is a prisoner for determining his motion for leave to proceed in forma pauperis on appeal.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Henderson, 129 F.3d at 483 (footnote and citation omitted).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. Id. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by

§ 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or
(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It appears that Richmond's appeal is taken in good faith. Richmond's prisoner trust account report shows that he has insufficient funds to pay the civil complaint filing fee or an initial partial filing fee. Doc. 121. Accordingly, it is

ORDERED that Richmond's motion for leave to proceed in forma pauperis on appeal, Doc. 121, is granted and his initial partial filing fee is waived. It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at Richmond's institution. It is finally

ORDERED that the institution having custody of Richmond is directed that whenever the amount in Richmond's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $605 is paid in full.

DATED this 3rd day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3