UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN WIESE; KRAFT FOODS GROUP, INC.; US FOODS, INC.; JUDGE ROBERTO A. LANGE, in his individual capacity; JUDGE POWER, in his individual capacity; WOODS AND FULLER, P.C.; MINNEHAHA COUNTY CLERK OF COURTS; CODY JANSEN, in his individual capacity; TROOPER JORDAN ANDERSON, in his individual capacity; KEVIN KROHN, in his individual capacity; DANIEL HAGER, in his individual capacity; MATT THELEN, in his individual capacity; MARK HODGES, in his individual capacity; FBI AGENTS, John Does 1-2; JOHN DOES 3-50; MAGISTRATE VERONICA L. DUFFY,<br><br>Defendants. | 4:25-CV-04217-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE |

Plaintiff Courtney Richmond filed a pro se lawsuit alleging several claims, including under the Racketeer Influenced and Corrupt Organizations Act. Doc. 4. This Court entered judgment in favor of Defendants and against Richmond. Doc. 116. Richmond now moves to vacate this Court's judgment. Doc. 120. He also filed a notice of appeal on the same day. Doc. 122.

Under Federal Rule of Appellate Procedure 4(a)(4)(A),

[i]f a party files in the district court . . . [a motion] to alter or amend the judgment under Rule 59 [or] . . . [a motion] for relief under Rule 60 if the motion is filed

within the time allowed for filing a motion under Rule 59 . . . and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.

Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court entered judgment on June 23, 2026. Doc. 116. Richmond's motion to vacate was notarized on July 21, 2026, but Richmond does not include any information certifying when his motion was deposited in the prison mailing system. Doc. 120. Accordingly, this Court will use in this instance the postmark date for determining when it was docketed for the prison mailbox rule. See Fed. R. App. P. 4(c)(1).[1] The postmark date was July 22, 2026, which is 29 days from the entry of judgment. Doc. 120 at 6. Accordingly, this Court treats Richmond's motion to vacate as a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b), which was not filed within the time prescribed of Rule 59.[2]

---

[1] Federal Rule of Appellate Procedure 4(c)(1) states:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> > (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or
> >
> > (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

[2] Even if Richmond's motion was timely filed under the prison mailbox rule as a Rule 59(e) motion, such motion would be denied because there are no legitimate facts or evidenced argument indicating this Court made a mistake or any other reason that would merit correcting or altering the Court's prior orders. See Christians v. Young, 4:20-CV-04083-LLP, 2026 WL 622741, at *1 (D.S.D. Mar. 5, 2026) (describing a court's ability to correct its mistakes under Rule 59(e)). This Court has considered Richmond's arguments and finds no basis to amend its prior judgment.

The Eighth Circuit has noted that case precedent "permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in [the Eighth Circuit Court of Appeals], and a separate appeal may thereafter be taken to challenge the denial." Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004); see also Fed. R. Civ. P. 62.1(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that motion raises a substantial issue."); but see Rivera v. Sedgwick Claims Mgmt. Servs., No. 24-cv-3247 (LMP/SGE), 2026 WL 788209, at *1 n.1 (D. Minn. Mar. 20, 2026) (holding that because under Hunter courts can deny a Rule 60(b) motion on its merits when an appeal is pending "the [c]ourt need not delve into Rule 62.1 as it can rule on the Rule 60(b) motion before it"), appeal filed No. 26-1660 (8th Cir. 2026). Thus, even if this Court were to not have jurisdiction to grant a motion to vacate without remand from the Eighth Circuit, this Court would have jurisdiction to deny a Rule 60(b) motion, if appropriate.

Regardless of whether this Court considers Richmond's Rule 60(b) motion as permitted under Hunter or Rule 62.1, this Court finds that denying Richmond's motion to vacate on the merits is proper. Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

3

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A Rule 60(b) motion "is not a vehicle for simple re-argument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

Richmond argues that this Court should vacate its judgment because this Court has jurisdiction pursuant to Rule 12(b)(1) because (1) the state court judge obstructed justice when he chose to not recuse himself, (2) the Minnehaha County Clerk of Court withheld transcripts that Richmond paid for, and (3) the "United States District Court gives the right to sue for over 40.00." Doc. 120 at 1. He also argues that the Court should vacate its judgment because under Rule 12(b)(5) (1) each party to the contract has an equal opportunity to sue in court for breach of contract or breach of nondisclosure agreement, (2) service was properly made, (3) Richmond could have been made available by video call or transportation by the United States Marshals Service to attend a hearing so that a no show at a hearing could have been avoided,[3] and (4) Woods Fuller did not follow through with its job to provide representation. Id. at 2–3. He also generally argues that he stated a genuine cause of action under the Defend Trade Secrets Act and causes of action for breach of contract and trade secret misappropriation. Id. at 3. He argues that

---

[3] Richmond also alleges "plaintiff has asked the Court for a hearing and trial for over 11 years, and the party that hasn't even responded to the complaint filed is mentioning they had a hearing and the plaintiff was a no show when the plaintiff was not served a proper notice to appear at that hearing and may have been in custody during that hearing." Doc. 120 at 2. Because a hearing was not necessary to rule on the motions in *this* case, a hearing was not held. The hearing the Court referenced in which Richmond did not show was in his state court case. Doc. 109 at 13 (citing Doc. 12-16). Wiese submitted to the Court a motion to reconsider that Richmond filed in his state court case asking to set aside the judgment. Doc. 12-17. In that state court filing, Richmond said he did not attend the state court hearing at issue because he wanted to work at his job. Id. Although this Court did not consider Richmond's filing in the state court case to set aside the judgment (Doc. 12-17) when ruling on the merits of this case, this Court notes that Richmond's allegation that he may have been in custody when a hearing occurred is directly contradicted by Richmond's motion to set aside the judgment in his state court case, where he said he was absent because of his employment.

4

he properly served Defendants and if he did not, then he "respectfully request[s] leave to cure such defect rather th[a]n dismissal particul[a]rly where defendants had actual notice and have appeared." Id. at 4. Richmond also incorrectly argues that "Defendants res judicata argument fails, Plaintiff contends there was no final adjudication on the merits in the prior proceeding." Id. at 5 (citation modified).

Richmond does not identify under which rule of the Federal Rule of Civil Procedure he moves to vacate. See generally id. Accordingly, he has not identified under which section of Rule 60(b) his motion arises. Id. This Court liberally construes Richmond's motion to arise under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(6) for "any other reason that justifies relief." But Richmond has not pointed to any legitimate errors of fact, nor any judicial inadvertence made by the Court. See generally Doc. 120. The Court already considered, where relevant, the facts Richmond mentioned when dismissing his claims for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. See generally Docs. 109, 110, 111, 112, 113, 114, 115. Richmond is essentially re-arguing the merits of the dismissal of his claims. Accordingly, neither Rule 60(b)(1) nor Rule 60(b)(6) provides a basis for this Court to set aside the judgment entered against Richmond. Thus, this Court denies Richmond's Motion to Vacate the Dismissal and Reopen the Case and Motion for Relief from Judgment or Order. Accordingly, it is

ORDERED that Richmond's Motion to Vacate the Dismissal and Reopen the Case and Motion for Relief from Judgment or Order, Doc. 120, is denied.

DATED this 5 th day of August, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE